tion of his business did not amount to a taking of his property and was, therefore, not compensable. See: Stipe v. United States, supra.

We think the Commission correctly stated the case when it said that in moving upon the lands and erecting a quarry Tobin took a calculated risk that it would be able to quarry the rock and complete its contract before the land was taken and that it lost.

Finally, the appellants complain of the failure of the Court to follow the suggestions of United States v. Merz, supra, in its instructions and directions to the Commission concerning applicable law and the procedure for the ascertainment of just compensation. Whatever may have been the deficiencies in the Court's directions in its order constituting the Commission, there is no lack of order in the conduct of the hearing or the ascertainment of the facts and their application to the law of the case. The record shows that the Commission conducted a full and complete hearing, made extensive and detailed findings of fact and was fully cognizant of the applicable law to the ascertained facts. We can find no fault with the procedures followed, and the judgment of the Court affirming the findings and conclusions of the Commission is affirmed.

Glyn Dial Ellis, Logan, W. Va., for appellant.

Lawrence R. Schneider, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., and Sherman L. Cohn, Atty., Dept. of Justice, and George D. Beter, Acting U. S. Atty., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and HUTCHESON, District Judge.

**Dewey FRANKUM, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 9768.**

United States Court of Appeals Fourth Circuit.

Argued March 2, 1965.

Decided March 24, 1965.

PER CURIAM:

Social Security disability insurance benefits were sought by Dewey C. Frankum but denied by the Secretary of Health, Education and Welfare. The Secretary found that the claimant had not established that he was "incapable of performing his prior, usual or regular work" and consequently that he had failed to prove that he was incapable of "engaging in any substantial gainful activity", a prerequisite for success under the Act. §§ 223(c) (2) and 216(i), 42 U.S.C. §§ 423(c) (2) and 416(i).

Upon consideration of the record and the arguments of counsel, orally and on brief, we cannot say that the District Court was clearly erroneous, within the intendment of Rule 52(a) Fed.R.Civ.P., in concluding that the Secretary was not without substantial evidence to support his decision. § 205(g), 42 U.S.C. § 405 (g).

Affirmed.

**Stanwood A. DEMERS, Plaintiff, Appellant,**

v.

**Edwin C. BROWN et al., Defendants, Appellees.**

**No. 6456.**

United States Court of Appeals First Circuit.

April 9, 1965.

Stanwood A. Demers, pro se.

Joseph L. Breen, Chief Special Counsel, with whom J. Joseph Nugent, Atty. Gen. of Rhode Island, was on brief, for appellees.

Before ALDRICH, Chief Judge, and MARIS * and BURGER,* Circuit Judges.

PER CURIAM.

This case, in which plaintiff sought to enjoin certain action by the Rhode Island State Board of Education, was dismissed on defendants' motion on the ground that the complaint stated no cause of action. Final judgment was entered October 13, 1964. Having failed to appeal from that judgment, in December the plaintiff filed a motion to vacate. Concededly he had had more than 30 days' notice of the judgment. When the motion to vacate came on for hearing the court stated that it was without power to grant it. This was so since there were no new reasons to set aside the judgment. F.R.Civ.P. 60(b). From

---

\* Sitting by designation.