Willard **BROWN**, Appellant,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Appellee.

No. 9843.

United States Court of Appeals Fourth Circuit.

Argued May 4, 1965.

Decided June 11, 1965.

Glyn Dial Ellis, Logan, W. Va., for appellant.

J. F. Bishop, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., and Sherman L. Cohn, Atty., Dept. of Jus-

tice, and George D. Beter, Acting U. S. Atty., on brief) for appellee.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and LEWIS, District Judge.

PER CURIAM.

On June 27, 1963, the claimant, Willard Brown, filed an application for a period of disability and disability benefits under the Social Security Act. At a hearing held on March 4, 1964, medical evidence was presented which indicated that Brown had had two serious operations, a subtotal gastrectomy for a benign gastric ulcer in 1955 and a cholecystectomy in 1958. In addition several physicians stated that he had a psychoneurotic disorder which resulted in mental, physical, and personality disturbances. There was also evidence that Brown had been diagnosed as a chronic alcoholic.

After reviewing all the relevant medical and other types of evidence, not all of which supported Brown's disability claim, the hearing examiner concluded that the claimant had not sustained his burden of showing that he had a medically determinable physical or mental impairment of long-continued and indefinite duration which prevented him from engaging in any substantial gainful activity, and thus that he was not disabled within the meaning of that word as it is defined in the Act. 42 U.S.C.A. §§ 416(i) (1) and 423(c) (2). The examiner considered some of Brown's conditions medically remediable, and he noted that the claimant had operated a pool hall from 1959 until February, 1963, although he claimed to have become unable to work in 1955. It was the examiner's conclusion that as of the time he filed his application for disability benefits, Brown was capable of performing not only the last remunerative job he had held (operating a pool hall) but also several of the other various activities in which he had engaged in the past.

A review of the examiner's decision was refused by the Appeals Council on July 14, 1964, and on November 30, 1964, the district court entered an order up-

holding the prior administrative action on Brown's claim and granting the Secretary's motion for summary judgment.

The administrative record and the briefs and arguments of counsel in this case have received our careful and thoughtful attention. While our disposition of Brown's claim might have been different had we sat as the hearing examiner, we cannot say that the record in this case, when considered as a whole, is barren of substantial evidence to support the prior decisions adverse to the claimant. Frankum v. Celebrezze, 343 F.2d 426, 427 (4 Cir. 1965). Accordingly, the judgment of the district court is affirmed.[1]

Affirmed.

1. In reviewing the medical reports on Brown, the district judge stated that "it is apparent that plaintiff's condition has progressively worsened and, thus, he should consider it advisable to file a new application based on this worsened condition." Our disposition of this appeal is of course without prejudice to any course of action still open to him which Brown may wish to take with regard to the district court's suggestion.