John B. BRANHAM, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 938.

United States District Court
E. D. Kentucky.

Sept. 10, 1965.

Combs & May, Ronald W. May, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Moss Noble, Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, District Judge.

The plaintiff, John B. Branham, of Lookout, Pike County, Kentucky, filed his application with the Social Security Administration on April 6, 1961, seeking that he be determined entitled to a period of disability and to disability insurance benefits under the Social Security Act.

The plaintiff exhausted prolonged administrative procedure without success. The previous proceedings are set out at the beginning of the Hearing Examiner's decision, hereinafter referred to. (Tr. 6–7.)

Denial of review of the Hearing Examiner's adverse decision by the Appeals Council on July 31, 1964, rendered the decision of the Hearing Examiner, William A. Brewer, of June 27, 1964, the final decision of the defendant, Secretary of Health, Education and Welfare.

On August 6, 1964, plaintiff filed this civil action pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for Court review of the defendant's final decision.

A certified copy of the transcript of the record, upon which the findings and decision complained of are based, has been duly filed. It shows that the claimant met the special earnings requirements during the effective period of the application and continued to meet such requirements through March 31, 1961.

On June 23, 1964, a hearing was held at Pikeville, Kentucky, before Hearing Examiner William A. Brewer. The plain-

tiff was present at this hearing and testified in his own behalf.

In his decision filed on June 27, 1964, the Hearing Examiner presents a summary of the material evidence presented in the case and stated his findings of fact and conclusions as follows:

"The claimant was born April 25, 1907. He is illiterate. He was married in 1931 and divorced in 1948. He remarried his first wife in 1953 and was again divorced from her in 1955. In 1958 he married his present wife, who had two children by a former marriage. These children are presently ages 17 and 13. They and the mother receive $113.60 a month from the Social Security Administration on the account of her late husband. They also receive $50.00 a month from the Veterans Administration. The wife owns her own home, and a 1956 automobile. The family receives surplus commodities. The claimant also applied for aid to dependent children, but he did not receive this aid. He stated that it was denied because of the ownership of an automobile. The claimant has two children by this marriage.

"The claimant stated that he went to work at the age of 12, cutting mine timbers. At about the age of 16 he went into the mines as a hand loader of coal and he did this in several mines until August 1959 when he quit. His earnings record is extremely unimpressive. His total posted earnings since 1936 are $20,-116.75, or a little over $800 a year in the years 1936 to 1959. As he phrased it at the hearing, he hasn't 'worked a day since 1960.' He has not looked for a job or any type or kind since he quit work in August 1959. At the hearing the claimant related the same symptoms reported so exhaustively by him to the doctors whose reports are summarized above. He said that he 'stays weak all the time', 'gets weak from the knees down', and has 'weak spells' during the day. He also claims to see sparks, and have 'no wind'. He said that he has to lie down between 12:00 and 2:00 PM.

"His wife owns an automobile and he drives it. He drove it to the hearing. When asked by the Hearing Examiner if he could not drive a truck for a living, he stated that he has never driven a truck but knows he couldn't do it. However, he admitted that he could drive a pick-up truck and that he knows at least one person who makes a living by driving a pick-up truck.

\* \* \* \* \*

"There is no objective medical evidence that the claimant has any physical impairment whatsoever. Some doctors have stated that he may have anxiety reaction, but whatever impairment the claimant might have by reason of the psychoneurosis known as anxiety reaction must be measured by the standards set by the Regulations for evaluating the disabling effects of psychoneurosis. They provide that the mere presence of psychotic or psychoneurotic symptoms and signs is not necessarily incompatible with the ability to perform substantial gainful activity. 20 CFR 404.1519(c) (2). Consideration is given to whether the evidence shows regression or deterioration of the individual's intellectual, behavioral or emotional reactions and whether the defects so impair the effectiveness and predictability of the individual's behavior as to be incompatible with occupational activity. \* \* \*

"The evidence does not support a conclusion that the claimant as a result of his neurosis has suffered social, personal, or occupational regression of the severity contemplated by the Regulation.

"Furthermore, in the considered opinion of the Hearing Examiner, to approach and meet the level of severity contemplated by the Act for the type of disorder found in neurosis,

there must be findings of unacceptable social behavior, severe persistent depression, gross errors in judgment and reasoning, insomnia, inability to concentrate, marked loss of weight with malnutrition, or other severe somatic manifestation of a deep seated *intractable* psychogenic disorder. In the present instance the Hearing Examiner believes that such findings are not present and those that are present do not exist in the degree of severity contemplated by the Act as stated previously. In addition it should be pointed out that Section 404.1502, Regulations No. 4, lists among those examples of impairments which are deemed to qualify as disability and included among them '(6) mental disease (e. g., psychosis or severe psychoneurosis) requiring continued institutionalization or constant supervision of the affected individual.' Continued institutionalization or constant supervision of the claimant has not been necessary.

"The Hearing Examiner is of the opinion that the claimant is not motivated to work. His economic circumstances, as related above, do not compel him to work. Insufficient motivation to work may not, of course, serve as a basis for a finding of disability. Stitely v. Flemming, 178 F.Supp. 357 [D.C.]. The Social Security Act does not provide voluntary retirement benefits and the Courts have so held. Adams v. Flemming, 276 F.2d 901 [C.A.2].

"The Hearing Examiner finds that the claimant does not have a physical impairment, a mental impairment, or a combination of them which would prevent him from returning to his work as a hand loader of coal in the mines.

"The claimant has failed to establish his inability to engage in any substantial gainful activity by reason of any medically determinable physcial or mental impairment, which can be expected to result in death or to be of long-continued and indefinite duration, starting at a time when he met the earnings requirements of the Act, and continuing without interruption until the date of the application. He is, therefore, not entitled to a period of disability or to disability insurance benefits under Sections 216(i) and 223(a) of the Social Security Act, as amended." (Tr. 10–12.)

Under the provisions of § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), it is provided that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive"; and in § 405(h) it is provided that "The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. * * *"

In Maloney v. Celebrezze, 337 F.2d 231, 233, C.A.3, the Court said:

"* * * This statutory rule of finality extends not only to the basic evidentiary facts but also to the inferences of which such facts are reasonably susceptible."

In Domanski v. Celebrezze, 323 F.2d 882, C.A.6, the Court said:

"We should first point out that in an action to review the decision of the Secretary the case is not tried de novo in the District Court. The review is limited to the record of the proceedings before the Secretary. In reviewing this record the Court is not authorized to adopt findings of fact of his own, but must accept the Secretary's findings of fact if they are supported by substantial evidence. When so supported, they are conclusive. 42 U.S.C. § 405; Hobby v. Hodges, 215 F.2d 754 (C.A.10). The finality of the Secretary's findings extends also to inferences drawn by him from the evidence. * * *"

Thus the Secretary and not the Court is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony and to determine the case accordingly.

The Court is of the opinion that the above findings of the Hearing Examiner, as affirmed and approved by the Appeals Council, are suported by substantial evidence and are conclusive. Adkins v. Celebrezze, 330 F.2d 704, C.A. 6; Hall v. Celebrezze, 340 F.2d 608, C.A.6; King v. Celebrezze, 341 F.2d 108, C.A.6; Bradey v. Ribicoff, 298 F.2d 855, 858, C.A.4, certiorari denied 370 U.S. 951, 82 S.Ct. 1601, 8 L.Ed.2d 817; Ward v. Ribicoff, 309 F.2d 157, C.A.6; Celebrezze v. Bolas, 316 F.2d 498, C.A.8; Dvorak v. Celebrezze, 345 F.2d 894, C.A.10 (1965), and Brown v. Celebrezze, 347 F.2d 227, 228, C.A.4 (1965).

For the reasons indicated, an order will be entered in conformity herewith affirming the action of the Appeals Council of July 31, 1964, and ordering that this action be dismissed.