**Charley E. BELLS, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Appellee.**

**No. 10228.**

United States Court of Appeals
Fourth Circuit.

Argued March 10, 1966.

Decided May 2, 1966.

———◆———

E. Carl Meadows, Jr., and Clay S. Crouse, Beckley, W. Va., for appellant.

Richard S. Salzman, Attorney, Department of Justice (John W. Douglas, Asst. Atty. Gen., Morton Hollander, Attorney, Department of Justice, and Milton J. Ferguson, U. S. Atty., on brief), for appellee.

Before BOREMAN and BRYAN, Circuit Judges, and CRAVEN, District Judge.

**PER CURIAM:**

Application for establishment of a period of disability and payment of disability insurance benefits was filed by Charley E. Bells on March 3, 1961 under §§ 216(i) and 223 of the Social Security Act, 49 Stat. 623, as amended, 42 U.S.C. §§ 401, 416(i) and 423. Upon denial of his claim by the Bureau of Old-Age and Survivors Insurance of the Social Security Administration, Bells requested and obtained a hearing before an examiner.

On the evidence adduced by the claimant with the assistance of counsel, the examiner reported, September 27, 1962, that Bells was not disabled as defined and demanded by the Act. Specifically, the finding was that while he could not continue in his accustomed work in the mines, or undertake any other employment involving "heavy physical activity such as lifting, bending, [or] crawling", he was capable of "engaging in * * * substantial gainful activity". 42 U.S.C. § 416(i) (1). The work for which he was declared fit was described as light, or sedentary, and of a nature that would require little or no training for a new employee with a limited education.

Subsequently, on August 13, 1963, the Appeals Council allowed a review of the hearing examiner's decision, and remanded the case to him to take further evidence, especially in regard to Bells' opportunities to secure the type of work for which he had been determined qualified.

The examiner's report on remand, dated February 27, 1964, found the same impaired capacity as stated in the first report, and again held Bells not disabled from engaging in substantial gainful activity. These conclusions were approved by the Appeals Council on April 8, 1964. Whereupon Bells brought this action in the District Court to review and set aside the adverse decision. Upon the administrative record presented with the Secretary's motion for summary judgment, decision went against Bells. He now appeals.

The examiner's determination in respect to the claimant's ability to do light work emerged from conflicting evidence. Nevertheless there was sufficient proof

to support this decision. Competent evidence also established that work of this kind was reasonably available. True, the evidence did not disclose opportunities for such employment in the rural village of Bells' residence, but they were shown to exist at places not too far away in West Virginia.

Employment possibilities throughout the State were fully explored by a vocational guidance and rehabilitation expert. Cognizant of the training, traits and remaining capacity of Bells, he testified to openings for such a man in the Huntington and Charleston areas. In his mid-40's, Bells possessed a 7th grade education, could drive a car for at least a few hours and could ride buses. With the distance from his home no more than 50 or 100 miles on interstate highways, he would have no difficulty in looking for the work to be found in these cities.

The District Judge so held, and we affirm his order approving the denial of Bells' applications.

Affirmed.