Fred A. STEWART, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 925.

United States District Court
S. D. West Virginia,
Bluefield Division.

July 18, 1966.

Marshall G. West, West, Blackshear & Goode, Pineville, W. Va., for plaintiff.

Milton J. Ferguson, U. S. Atty., George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

Plaintiff filed an application for a period of disability and disability insurance benefits on April 16, 1964, alleging that he became unable to work on November 8, 1963, because of silicosis, hernia and nervousness. This application was denied both initially and upon reconsideration. A hearing was held at plaintiff's request and the hearing examiner, in his decision on July 29, 1965, found that plaintiff had failed to establish his inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. The Appeals Council, on December 7, 1965, issuing the final decision of the Secretary, held that he was not entitled to a period of disability or to disability insurance benefits. This decision was based on the following findings:

"1. The claimant meets the special earnings requirements for disability purposes at least through the date of this decision.

2. The medical evidence shows that the claimant has minimal silicosis without significant pulmonary insufficiency.

3. The osteoarthritis of the claimant's back does not significantly limit his functional capacity to bend, lift, squat, and sit.

4. The claimant's hernia is remediable by surgery.

5. While the claimant should not work in dust-laden areas, he has the capacity to engage in substantial gainful activity as a slicing-machine operator, bottle machine operator or parking lot attendant.

6. The evidence fails to establish that the claimant's impairments prevented him from engaging in any substantial gainful activity for any continuous period beginning prior to the date of this decision which has lasted or can be expected to last at least 12 months.

7. The claimant was not under a 'disability,' as defined in the Act either prior to or after the Social Security Amendments of 1965, at any time prior to the issuance of this decision."

Our review of these findings is somewhat circumscribed by the following provisions of the Act:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *." 205(g) of the Act, 42 U.S.C.A. § 405 (g).

In short, the courts are not to try the case *de novo*, and if the findings of fact by the Secretary are supported by substantial evidence, the courts are bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). In construing the term "substantial evidence," the courts have held it to be more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, supra. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963), and it must be based on the record as a whole. Brown v. Celebrezze, 347 F.2d 227 (4th Cir. 1965); Frankum v. Celebrezze, 343 F.2d 426, 427 (4th Cir. 1965).

Viewing the Appeals Council's findings in light of the foregoing, we must hold that its decision denying plaintiff disability benefits is supported by substantial evidence, and, therefore, is binding on this Court.

Plaintiff was born in Windom, West Virginia, on September 2, 1911. He completed the eighth grade in school and thereafter went to work in the coal mines, beginning sometime in 1935 and continuing until 1963, when he was laid off from the mines. He has not worked since that time.

The objective medical reports reveal that plaintiff is suffering from several medically determinable physical impairments, silicosis and osteoarthritis of the back. The various medical reports, however, do not reveal such severity of these impairments as to render plaintiff totally disabled. They speak rather in terms of partial and minimal disability. The record does establish though, and the Secretary concedes, that these impairments prevent plaintiff from returning to his prior work in the mines.

Believing that there is more than substantial evidence of record to support these initial findings, the only real issue for decision is the extent of plaintiff's residual capacity to perform other types of work. Cf. Ray v. Celebrezze, 340 F.2d 556 (4th Cir. 1965). The Secretary's evidence on this point consists of the testimony of Dr. C. E. Smith, vocational consultant. Dr. Smith testified that there were jobs existing in the economy which he believed plaintiff had the capacity and mental ability to perform. Briefly summarized, the jobs were,

1. Slicing machine operator
2. Bottle inspector
3. Bobbin cleaner
4. Elevator operator

Concerning the existence of these jobs, Dr. Smith stated that the job of slicing machine operator existed at Coles Bakery in Bluefield, West Virginia; that the job of bottle inspector could be found at a soft drink bottling company in Norton, Virginia; that the job of bobbin cleaner existed at the Burlington Mills plant in Dublin, Virginia; and that the elevator operator job existed in Welch, West Virginia. He further stated that he had personally seen these jobs in operation at the various plants and had watched people performing them and that in talking to the various employers, he was told that their policies would not be discriminating against handicapped workers.

Viewing the evidence in light of recent Fourth Circuit decisions, we must conclude that it lends substantial evidentiary support to the Secretary's denial of benefits. See Bells v. Celebrezze, 360 F.2d 601 (4th Cir. 1966); Wimmer v. Celebrezze, 355 F.2d 289 (4th Cir. 1966); Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965). The Secretary does not have to show that a particular employer has a job available for the plaintiff or that in every case employment exists within a specific geographical boundary. Wimmer v. Celebrezze, supra. The Secretary meets his required burden when he shows that types of work within the background and residual capacities of plaintiff exist in an area where he, as a particular individual, may realistically be expected to offer his services. Cf. Wimmer v. Celebrezze, supra. Here, the Secretary has limited and defined the geographical area in which plaintiff would offer his services to a one hundred mile radius of his home and has shown by a qualified vocational witness that his impairments do not prevent him from performing certain jobs that actually exist in that defined area. The vocational expert's testimony is particularly relevant in that he also gave consideration to the realistic problems involved in determining employment availability, as contemplated by the *Williams* decision,[1] in addition to the mere physical capacity to perform the jobs.

Believing, therefore, that there is substantial evidence to support the Secretary's decision, his Motion for Summary Judgment is granted and plaintiff's Complaint dismissed.

1. Williams v. Celebrezze, 359 F.2d 950 (4th Cir. 1966).