Bertha S. DANIEL, Appellant,

v.

**John W. GARDNER, Secretary of the De-
partment of Health, Education and
Welfare, Appellee.**

No. 12633.

United States Court of Appeals
Fourth Circuit.

Submitted on Briefs Dec. 5, 1968.

Decided Dec. 6, 1968.

parties and with the consent of this court the case was submitted on briefs without oral argument.

 The determination of the Secretary may be overturned only if not based upon "substantial evidence." [1] The Secretary determined that claimant was able to engage in substantial gainful activity and the district court held that this determination was supported by substantial evidence.

Upon a review of the record we conclude that the court below was correct in its holding and that its order sustaining the determination of the Secretary should be affirmed.[2]

Affirmed.

---

John B. Culbertson, Greenville, S. C., for appellant on the brief.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Kathryn H. Baldwin, Ralph A. Fine, Attys., Civil Division, Dept. of Justice, Washington, D. C., and Klyde Robinson, U. S. Atty., for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Claimant, Bertha S. Daniel, appeals from a judgment of the district court which upheld the denial by the Secretary of Health, Education and Welfare of her application, filed on December 5, 1966, for the establishment of a period of disability and for the awarding of disability benefits under sections 216(i) and 223 of the Social Security Act (42 U.S.C. §§ 416(i) and 423). By agreement of the

---

1. This court has defined "substantial evidence" to mean that "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4 Cir. 1966).

2. Laws v. Celebrezze, 368 F.2d 640, 642 (4 Cir. 1966); Bells v. Celebrezze, 360 F.2d 601 (4 Cir. 1966); Gotshaw v. Ribicoff, 307 F.2d 840 (4 Cir. 1962).