Thomas INGLES, Jr., Plaintiff,

v.

Robert H. FINCH, Secretary, Health, Education & Welfare, Defendant.

Civ. A. No. 67–C–64–R.

United States District Court
W. D. Virginia,
Roanoke Division.

July 2, 1969.

Robert J. Ingram, Gilmer, Sadler, Ingram, Thomas & Sutherland, Pulaski, Va., for plaintiff.

William B. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The claimant, Thomas Ingles, Jr., on January 12, 1966, filed an application for a period of disability under the Social Security Act § 216(i), 42 U.S.C.A. § 416(i), as amended, and for disability insurance benefits as provided for in the Social Security Act § 223, 42 U.S.C.A. § 423, as amended. Thereafter, claimant brought this action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), seeking a reversal of the final denial of that aforesaid application by the Secretary of Health, Education and Welfare. On its own motion, this court on February 21, 1968, remanded the case to the Secretary for further proceedings. Thereafter the Secretary vacated his previous decision and further evidence was received. On January 27, 1969, the Appeals Council rendered the Secretary's final decision, holding that the claimant is not entitled to any period of disability or disability insurance benefits on the basis of his aforementioned application.

 The court's only purpose in this review is to determine if there is substantial evidence in the proceedings to support the Secretary's decision, 42 U.S.C.A. § 405(g). If this court finds such substantial evidence, our inquiry must cease, and the Secretary's decision will be conclusive, Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). The function of this court is to determine if there is sufficient evidence to support the administrative findings.

As defined in the Social Security Act in § 223(d), 42 U.S.C.A. § 423(d) (1), (2)(A) and (3), as amended, (Supp. 1969), disability means—

* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.

* * * * * *

* * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * * * * *

For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological or psychological abnormalities which are demonstratable by medically acceptable clinical and laboratory diagnostic techniques.

This amended definition applies to court decisions which have not become final before January, 1968. Pub.L.No. 90–248, § 158(e) (2) (B), 81 Stat. 821.

 In order to be entitled to a period of disability under § 216(i), 42 U.S.C.A. § 416(i), and to disability insurance benefits under § 223 of the Act, 42 U.S.C.A. § 423, claimant has to establish that he was under a disability, as defined above, which commenced at a time when he met the special insured status requirements of the above sections.

Claimant meets these special status requirements during the effective life of his application and will continue to meet them until March 31, 1971. Therefore, on the basis of his application of January 12, 1966, claimant must establish that his disability commenced prior to January 27, 1969 when the final decision of the Secretary was rendered in this case.

Thomas Ingles, sixty-one years old, lives in Pulaski, Virginia, where for the last ten years he has worked as a bartender, counterman and short order cook in small restaurants and bars. Prior to this, claimant's only other work experience consisted of two years which he spent at the Radford, Virginia powder plant where he worked as a laborer and also as a powder roller. Virtually all claimant's work experience has been in jobs requiring little physical exertion.

The recent medical evidence is not in substantial conflict. Before this case was remanded for the taking of additional evidence, claimant's physical and mental condition appeared to be essentially unremarkable. Recent medical reports, however, substantiate claimant's claim of disability.

Dr. Taylor, an internist, examined claimant on May 20, 1968, and concluded that he suffers from osteoarthritis of the lumbar spine, chronic prostatitis, pulmonary emphysema, right inguinal hernia, cyst of the right wrist and a probable chronic brain syndrome.

Dr. Wilkinson, a neuropsychiatrist, examined claimant on June 7, 1968, and concluded:

This man has suffered brain damage and now functions with moderate to severe impairment of his intellectual functioning. Just what caused such brain damage is undetermined. Possibly his long history of alcoholism may be involved. I do not feel that Mr. Ingles could work at any type of meaningful, gainful employment because of the impairment of his intellectual functioning and his marked inability to take stress. In all prob-

ability this man will remain unemployed and unemployable indefinitely. His age and his disabilities also make him a very poor candidate for any type of rehabilitation efforts. I know of nothing that can be done in the way of psychiatric treatment or medical treatment that would in any way improve his condition.

A report dated August 1, 1968, from Dr. Hyde, claimant's regular physician, reaffirmed his original conclusion of February, 1967, that claimant was still unable to do any productive work.

Looking at the medical reports alone, the claimant clearly appears to be disabled within the meaning of the Act. However, this case is further complicated by reason of the fact that claimant continued to work right up until the time of his supplemental hearing in July, 1968. Claimant maintains that he was under a disability beginning in November, 1965, even though he worked in restaurants in 1966 and 1967 and for the City of Pulaski in 1968. Hearing Examiner Robbins, in his recommended decision to the Secretary, concluded that the claimant was not disabled in 1965, 1966 or the first eleven months of 1967 because he was working and even though his earnings were "borderline" they were not completely out of line with wages earned by the claimant in prior years. Hearing Examiner Robbins did find that the claimant was under a disability beginning December 1, 1967, even though he was working for the City of Pulaski at the time of the hearing. It was felt that the claimant's work for the City was "made work" within the definition of 20 C.F.R. § 404.1532, infra.

The Appeals Council disagreed in part with the recommended decision of Hearing Examiner Robbins, holding that even though the objective medical evidence of claimant's chronic brain syndrome was uncontradicted, he was actually working and therefore not entitled to Social Security benefits.

This court cannot agree with the final decision of the Secretary. For several

reasons it appears that the above decision is not supported by substantial evidence.

■ In the first place, it is well settled that the initial burden of showing that one is precluded from engaging in any substantial gainful activity falls on the claimant. Justice v. Gardner, 360 F.2d 998 (6th Cir. 1966), Frankum v. Celebrezze, 343 F.2d 426 (4th Cir. 1965). However, while claimant has the burden of proving that the disability exists, the burden need not be carried to a point beyond a reasonable doubt. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

■ Even Mr. Mauchline, the vocational expert called at government expense, agreed that judging from his experience it would be most difficult for a man of claimant's age and with his disabilities to secure a job. He thought there were jobs claimant could perform, but as a practical matter he doubted that claimant could obtain any substantial gainful employment. As was pointed out in Thomas v. Celebrezze, supra, at 546:

Where the statute refers to "any substantial gainful activity" the word "any" must be read in light of what is reasonable and not of what is merely conceivable.

■ This court further finds that even though claimant worked for the City of Pulaski in 1968, he was disabled within the meaning of the Act on December 1, 1967 as found initially by Hearing Examiner Robbins. This court feels that the type of work performed by claimant was "made work" as defined by 20 C.F.R. § 404.1532:

Made work, that is, work involving the performance of minimal or trifling duties which make little or no demand on the individual and are of little or no utility to his employer, or to the operation of a business, if self-employed, does not demonstrate ability to engage in substantial gainful activity.

We think the type of work performed by claimant falls squarely within the above definition. Claimant secured this job with the City by using political influence and the evidence is uncontradicted that all claimant had to do to earn his pay was show up for work and follow a lawnmowing machine. His job was to cut grass that was missed by the mowing machine, but he was not pressured if he did not feel like working.

In pinpointing the date on which claimant became disabled and precluded from engaging in any substantial gainful activity this court refers to Leftwich v. Gardner, 377 F.2d 287, 291 (4th Cir. 1967), wherein it is stated:

The test is not whether * * * (claimant) by willpower can stay on his feet yet another day—but whether objectively and in the totality of circumstances, including especially his afflictions, he is disabled within the meaning of the Social Security Act.

■ In arriving at the disability date of December 1, 1967, this court rejects claimant's argument that he was disabled even though still working in various restaurants in 1965, 1966 and 1967. These jobs were competitive and not "made work". It is mentioned by one of claimant's past employers that one reason for his low wages and sporadic employment was his addiction to alcohol. This court feels that the Secretary's decision that claimant was not disabled before December 1, 1967, within the meaning of the Act is supported by substantial evidence, while the Secretary's decision that claimant was not disabled after December 1, 1967, is not supported by such substantial evidence.

Accordingly, the decision of the Secretary is hereby reversed, and the initial recommended decision of Hearing Examiner Robbins that claimant became disabled after December 1, 1967, is reinstated, and it is so ADJUDGED and ORDERED.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.