**Paul Ray GUM**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH, EDUCATION AND WELFARE OF the UNITED STATES OF AMERICA.**

Civ. No. 71-675.

United States District Court,
D. Maryland.

March 29, 1972.

Paul Ray Gum, in pro. per.

George Beall, U. S. Atty., D. Maryland, Charles G. Bernstein, Asst. U. S. Atty., Baltimore, Md. (Paul Merlin, Chief of Litigation, Social Security Division, Department of HEW, of counsel), for defendant.

### MEMORANDUM AND ORDER

BLAIR, District Judge.

This action is brought to review the decision of the Secretary of Health, Education and Welfare denying plaintiff's application for the establishment of a period of disability under Section 216(i) of the Social Security Act, 42 U.S.C. § 416(i), and for disability insurance benefits, as provided by Section 223 of the Act, 42 U.S.C. § 423. This court has jurisdiction of this action pursuant to Section 205, 42 U.S.C. § 405, which provides for judicial review of "any final decision of the Secretary." The defendant has moved for summary judgment and after reviewing the record, this court hereby grants that motion.[1]

Under 42 U.S.C. § 416(i), the term "disability" means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."

Section 223(d), 42 U.S.C. § 423(d), in addition to providing the same definition of "disability," provides that:

"(2) For purposes of paragraph (1) (A)—

"(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

1. A hearing was set on this motion for March 17, 1972. Proper notice was sent to plaintiff who was acting *pro se* but he never appeared or communicated any reason to the court for his failure to appear.

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

.    .    .    .    .    .

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

The scope of review in this court is limited to whether there is substantial evidence to support the findings of the Secretary. Section 205(g), 42 U.S.C. 405(g). An examination of the record clearly shows that the decision of the hearing examiner is supported by substantial evidence.

Although plaintiff had some prior history of medical problems, his claims in this case are based on allegations that he has not been able to work since November 1968. His complaints relate to various pains. However, there is no substantial evidence of any anatomical or physiological causes for his pains aside from a recurring skin disorder. *See, e. g.*, the tests and discussion by Dr. Albert M. Antlitz (Tr. 126–127).

If anything, plaintiff's problems apparently have a psychological basis. A report by Dr. Edward W. Slockbower, a clinical psychologist, indicated that the results of the Rorschach test were those "of an hysterical man, conversion in type, and I feel that under stress he is capable of exaggerating any existing organic problems or developing somatic ones if the stress continues. However, what is most apparent is a very deep underlying depression and I feel, also, that many of his symptoms could be of a depressive equivalent . . .

"I see this man's problems, at least as far as the tests reveal them, to be on neurotic, emotional basis with no evidence in any of the tests to suggest any involvement of the central nervous system." (Tr. 151–152).

■■     Dr. William W. Magruder, after reviewing the report of Dr. Slockbower, concluded that: "Dr. Slockbower's psychological diagnosis was conversion reaction. This examiner's clinical conclusions are at variance to the extent that he would offer no specific psychiatric diagnosis and he would not see this patient as being psychiatrically disabled at this time. It should be noted that the patient seems to enjoy a number of non-stressing activities such as shopping, taking his child to school and doing some household chores. The psychologist [Dr. Slockbower] noted that there was evidence that the patient was using his hands for some kind of greasy work." (Tr. 161–162). The hearing examiner found the diagnostic impression of Dr. Magruder "to be the more proper evaluation of the claimant's 'nervous condition.'" (Tr. 28), a decision the hearing examiner could properly make. There was sufficient evidence in the record, including the reports of other doctors, e. g., Dr. Schuster, to support the examiner's findings that petitioner has no disability within the meaning of the Social Security Act. The mere existence of psychoneurosis by itself does not constitute a disability. Stone v. Finch, 434 F.2d 364, 366 (4th Cir. 1970).

■     Finally there is the uncontradicted testimony of a vocational expert, Mr. Smolkin (Tr. 74–85), who testified that if it were found that plaintiff could

do sedentary or light work, then there would be substantial gainful work which he could do considering his age, education, and work experience. (Tr. 78–79). This constitutes substantial evidence on this issue. Kyle v. Cohen, 449 F.2d 489 (4th Cir. 1971).

A judgment will be entered in accordance with this opinion.