**William G. WEBER, Plaintiff-Appellee,**

v.

**SECRETARY OF HEALTH, EDUCA- TION, AND WELFARE, De- fendant-Appellant.**

**No. 73–3593.**

United States Court of Appeals, Ninth Circuit.

Sept. 13, 1974.

1. Emphasis added.

Michael Kimmel (argued), App. Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

Michael P. Balaban (argued), Beverly Hills, Cal., for amicus U. S. Magistrates.

Before CHAMBERS and CHOY, Circuit Judges, and McNICHOLS,* District Judge.

## OPINION

**PER CURIAM:**

This interlocutory appeal presents another in what will, no doubt, be an ongoing series of cases designed to judicially establish the perimeters of powers and duties which may be delegated to United States magistrates under the broad general authority statutorily provided by 28 U.S.C. § 636(b).

General Order No. 104–D adopted by the district court provides, *inter alia*, for reference to a full-time U. S. magistrate of all "actions to review administrative determinations re (sic) entitlement to benefits under the Social Security Act and related statutes, including but not limited to actions filed under 42 U.S.C. § 405(g)".

William G. Weber (herein designated as "appellee", but not truly a party to this appeal) brought an action in the district court to review a final determination of the Secretary as authorized by 42 U.S.C. § 405(g). The case was referred to a magistrate as provided by General Order No. 104–D. A motion by the Secretary praying to have the order of reference rescinded was denied and subsequently authorization for this interlocutory appeal as permitted by 28 U.S.C. § 1292(b) was granted.

The Secretary initially contends that the rule calling for routine references of action seeking judicial review

---

* Honorable Ray McNichols, Chief Judge, United States District Court for the District of Idaho, sitting by designation.

of Social Security cases constitutes a blanket reference to special masters and is thus repugnant to Rule 53(b), Federal Rules of Civil Procedure. We simply disagree with this analysis.

Of more moment is appellant's attack on the practice of the court below (1) as being beyond the intended authority of the Federal Magistrate Act; (2) as contravening the purposes of the judicial review provided for under the Social Security Act; and (3) as inconsistent with Article III of the United States Constitution.

For the purposes of this appeal we are only interested in what this case *is* about, not what it *might have been* about.

The scope of judicial review of final determinations by the Secretary in actions such as that before us is narrowly circumscribed by the statute. The district court is limited to an examination of the administrative record to determine if there is substantial evidence in the record to support the decision of the Secretary. The findings of the Secretary as to any fact, if supported by substantial evidence, is conclusive.[1] Appellant conceded at argument that the procedure followed under the rule objected to is for the magistrate to examine the written administrative record and make a recommendation to the judge. The parties are advised of the magistrate's initial opinion and are afforded time to present objections. If objection be made, an opportunity is given to present briefs and argument in support thereof. The magistrate may then revise his original recommendation or adhere to it. Under either contingency he then forwards his recommendation and the administrative record together with a report of proceedings before him, if any, to the judge for final action.

 As so applied, we hold that the delegated authority is well within the intent of Congress in adopting the Magistrate Act; that the judicial review contemplated by the Social Security Act is

adequately provided and that the procedure comports with the requirement of exercise of judicial power under Article III of the United States Constitution. Were the broad provisions of General Order No. 104–D to be resorted to in the type of judicial review before us, the Secretary might have grounds to complain. As applied, the rule is not vulnerable to the attack here mounted.

We believe our holding is consistent with the teachings of both Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974) and Campbell v. United States District Court, 501 F.2d 196 (9th Cir. 1974).

Affirmed.

---

1. In view of this limitation on the scope of review, the language in General Order No. 104–D providing for findings by the magistrate is at worst surplusage.