William E. YOUNG, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.

Civ. A. No. 79–2381.

United States District Court, D. South Carolina, Rock Hill Division.

Feb. 18, 1981.

S. Jackson Kimball, Rock Hill, S. C., for plaintiff.

Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., for defendant.

## ORDER

BLATT, District Judge.

This matter is before the court pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health, Education, and Welfare. The record includes a report and recommendation of the United States Magistrate made in accordance with the local rule of this District concerning reference of social security cases under 28 U.S.C. § 636(b)(1)(B). *In the Matter of: Social Security Cases* (D.S.C. Sept. 5, 1979) (local rule); *see, e. g., Weber v. Secretary of Health, Education, and Welfare*, 503 F.2d 1049 (9th Cir. 1974), *aff'd sub nom., Mathew v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). As provided by 28 U.S.C. § 636(b), the court is under an obligation to make a *de novo* review of any portion of the magistrate's recommendation to which specific objection is made, *Orand v. United States*, 602 F.2d 207 (9th Cir. 1979); *United States v. Raddatz*, 592 F.2d 976 (7th Cir. 1979), and the court may accept, reject, or modify the recommendation, or the matter may be recommitted to the magistrate with additional instructions. *See Mathew v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). "The district judge is free to follow [the magistrate's report] or wholly to ignore it, or, if he is not

satisfied, he may conduct the review in whole or in part anew. The authority—and the responsibility—to make an informed, final determination ... remains with the judge." *Id.* at 271, 96 S.Ct. at 554. Thus, while the level of scrutiny entailed by the district court's review of the report and recommendation of the magistrate depends on whether objections thereto have been filed, *e. g., Webb v. Califano*, 468 F.Supp. 825 (E.D.Cal.1979), in either case "the district judge is free, after review, to accept, reject or modify any of the magistrate's findings or recommendations. *United States ex rel. Henderson v. Brierley*, 468 F.2d 1193 (3d Cir. 1972). *See Bowman v. Bordenkircher*, 522 F.2d 209 (4th Cir. 1975). Although the Secretary has not responded to the magistrate's report, plaintiff has submitted objections to certain portions of that report for the court's consideration.

On June 27, 1978, plaintiff filed an application for disability insurance benefits, which was denied by the Social Security Administration both initially and upon reconsideration. A hearing, requested by plaintiff under 42 U.S.C. § 405(g), was conducted on May 1, 1979, and resulted in an adverse determination by the administrative law judge on August 30, 1979. That determination became the final decision of the Secretary of Health, Education, and Welfare when it was approved by the Appeals Council on November 27, 1979. It is from this decision that plaintiff seeks relief pursuant to 42 U.S.C. § 405(g).

After careful review of the record, this court finds the magistrate's report to be an accurate summary of the facts in the instant case, and that report is hereby incorporated into this order by specific reference thereto. Plaintiff was born December 13, 1935, and was forty-three (43) years of age at the time of his administrative hearing. Transcript at 37, 86. Plaintiff concluded his formal education with his completion of high school. *Id.* at 60. His work history consists primarily of employment by the South Carolina Highway Department as a driver's license examiner. *Id.* at 40, 99. In June of 1962, plaintiff was involved in an automobile accident in which he suffered injuries to both his legs, his right arm, and his head. *Id.* at 37–38, 39. He was again involved in a traffic accident in 1972, re-injuring his legs. *Id.* at 38–39. Because of various medical complications engendered by these injuries, plaintiff contends he was unable to continue his employment and he retired from the Highway Department on June 6, 1978. *Id.* at 40, 49–53, 71.

The medical evidence in this case consists of two reports and a letter from Dr. Joseph M. Brice, Jr., *id.* at 119–21, a report from Dr. J. Carnes, *id.* at 122–24, a report from Dr. C. Tucker Weston, *id.* at 129–32, a report from Dr. Joseph W. Taber, Jr., *id.* at 134, and a report from Dr. James O. Merritt, *id.* at 136–37, as well as statements made in the disability applications and during the administrative hearing by both the plaintiff and his wife concerning his condition. Although there are conflicts in the record, the evidence establishes that plaintiff continues to suffer some impairment from the problems associated with his prior injuries. Dr. Brice's reports show that plaintiff has suffered "obvious osteoarthritic changes" in his left knee, the patella of which was removed in 1962. *Id.* at 119. The doctor's x-ray examination revealed "a mild varus deformity of the proximal [right] femur ... plus an old healed fracture of the lower [left] femur." *Id.* Arthritic changes were also evident in the right elbow, and x-rays revealed that the radial head of that elbow had been removed. *Id.* at 120. Dr. Brice noted various degrees of disability in the plaintiff's "right elbow, right hip, and left knee" and concluded he would not be capable of employment "requiring any degree of prolonged standing or walking or a dangerous job requiring full functional motion in joints." *Id.* In addition to these orthopedic problems, the neurological evaluation of Dr. Carnes states that plaintiff suffers from "post traumatic headache syndrome" that can "probably be explained on a functional basis and may be related to underlying depression or anxiety from his orthopedic difficulties." *Id.* at 122. No neurological abnormalities were indicated by an electroen-

cephalogram. *Id.* at 122, 124. Dr. Tucker's report, submitted subsequent to the hearing, confirmed the other orthopedic evidence, *id.* at 130–32, and concluded "the headaches are the most severe and disabling factor in his problem. These headaches occur daily, increase in severity and completely incapacitate him.... In my opinion, Mr. Young is totally disabled and unable to return to a productive job." *Id.* at 132. Dr. Taber's report, also submitted after the administrative hearing, indicates "that the patient's headaches are muscle contraction pain." *Id.* at 134. Although there was some question concerning the necessity of a psychiatric evaluation, see Magistrate's Report at 3–4, the administrative law judge rendered his decision without that information. Plaintiff then submitted to the Appeals Council the report of Dr. Merritt, in which the doctor characterized plaintiff's problem as "[n]on-psychotic organic brain syndrome with brain trauma" and opined: "the outlook is poor. He will either stabilize or deteriorate further but he will not improve. It cannot be expected he will be able to engage in gainful employment for the rest of his life." Transcript at 137. Plaintiff's complaints focus on his orthopedic problems and headaches, and include severe and incapacitating headaches, *id.* at 40, 45–49, 65–66, nausea, *id.* at 40, 47, 48–49, nervousness, *id.* at 46, loss of recent memory, *id.* at 53–54, 55, confusion and disorientation, *id.* at 54, difficulty in reading, *id.* at 67, inability to stand or walk for extended periods, *id.* at 40, 42–43, 64, pain in the right hip and left knee, *id.* at 40, 42–44, weakness in right arm, *id.* at 62–63, arthritis, *id.* at 65, difficulty in sleeping, *id.* at 61, and inability to work, *id.* at 50–53. These complaints are largely confirmed by the testimony of plaintiff's wife. *Id.* at 69–83.

After reviewing the record and the testimony elicited at the hearing, the administrative law judge made the following findings, which were subsequently approved by the Appeals Council.

1. The claimant met the special earnings requirements of the Act on June 26, 1978, the date he stated he became unable to work, and continues to meet these requirements through the date of this decision.

2. The claimant is limited to sedentary work due to the injuries he received in automobile accidents in 1962 and 1973.

3. The claimant has no significant mental impairment.

4. The claimant has relevant work experience in the sedentary job of a drivers license examiner.

5. The claimant has the physical and mental capacity to return to his work as a drivers license examiner.

6. In accordance with Regulation 404.-1503(e) the claimant was not under a "disability," as defined in the Act, commencing on or before the date of this decision.

*Id.* at 15. These findings constitute the final decision of the Secretary of Health, Education, and Welfare. *E. g., Baker v. Gardner,* 362 F.2d 864 (3d Cir. 1966); *Capaldi v. Weinberger,* 391 F.Supp. 502 (E.D.Pa. 1975); *Maudlin v. Celebrezze,* 260 F.Supp. 287 (D.S.C.1966).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ...." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). *E. g., Daniel v. Gardner,* 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger,* 409 F.Supp. 776 (E.D.Va.1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Secretary. *E. g., Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner,* 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson,* 483 F.2d 773, 775 (4th

Cir. 1972). However, as noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971). *E. g., Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964).

Under the Social Security Act, plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability . . . ." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). See 20 C.F.R. § 404.1501(a)(1)(i). Of course, the burden is on the claimant to establish such disability. *E. g., Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). A claimant may establish a *prima facie* case of disability based solely upon medical evidence, 20 C.F.R. § 404.1502(a), by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1504(a)(2).

■ If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Since this approach is premised on the claimant's inability to resolve the question solely on medical considerations under 20 C.F.R. §§ 404.1502(a), 404.1504(a)(1), (2), and Appendix 1, it then becomes necessary to consider the medical evidence in conjunction with certain "voca-

tional factors." *Id.* § 404.1502(b). These factors include the individual's "residual functional capacity," *id.* § 404.1505, age, *id.* § 404.1506, education, *id.* § 404.1507, work experience, *id.* § 404.1508, and the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1509. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether he can do some other type of work, taking into account the remaining vocational factors. *Id.* § 404.-1505(f). The interrelation of these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1503, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from performing his former work, and, finally, (5) whether the impairment prevents him from performing some other available work.

■ In the case at hand, the administrative law judge concluded that plaintiff's physical impairments did not prevent him from returning to his former work, that he did not suffer any mental impairments, and, that, therefore, he was not disabled under 20 C.F.R. § 404.1503(e). Despite the report from Dr. Merritt, the Appeals Council concurred in the administrative law judge's conclusion, holding that

> [t]his evidence considered with all the evidence of record, including the hearing testimony, does not show that this condition has resulted in persistent marked restriction of daily activities, constriction of interest, deterioration of personal habits or seriously impaired your ability to relate to other people. Accordingly, the evidence would not change the conclusion that you retain the ability to perform substantial gainful activity.

Transcript at 4–5. This conclusion is not supported by substantial evidence. Under the relevant decisional law in this Circuit, a *prima facie* case of disability due to mental impairment is established by showing (1) that the plaintiff's treating physician considers him disabled as the result of a mental impairment, (2) that past medical history and subjective testimony of plaintiff and his family was consistent with the physician's conclusion, and (3) that the diagnosis of the consulting psychiatrist was also consistent with that conclusion. *E. g., Lewis v. Weinberger*, 541 F.2d 417 (4th Cir. 1976); *Wyatt v. Weinberger*, 519 F.2d 1285 (4th Cir. 1975). "This showing ... [is] sufficient to require the Secretary to go forward and produce substantial evidence that the claimant had sufficient residual capacity that [he] could perform a job in the national economy." *Lewis v. Weinberger*, 541 F.2d 417, 420 (4th Cir. 1976). *See, e. g., Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). The various medical reports, in conjunction with Dr. Merritt's report and the testimony of the plaintiff and his wife, unquestionably establish a *prima facie* case of disability from mental impairments, and the administrative law judge's decision to render his disability determination without waiting to consider the psychiatric evaluation is inexcusable. The Appeals Council's failure to rectify this error after examining Dr. Merritt's report is equally inexcusable, and their basis for finding that no mental impairment had been demonstrated is wholly inconsistent with the standard enunciated by the Fourth Circuit Court of Appeals; indeed, the Appeals Council's language parallels the regulatory provisions regarding proof of disability solely through medical evidence of mental impairment under 20 C.F.R. § 404.1504(a)(2) and Subpart P, App. 1, § 12.00, which constitutes an entirely different issue. Moreover, it should be noted that the record offers scant and precarious support for the conclusion that plaintiff's physical impairments would not prevent him from returning to his former employment.

Plaintiff asserts that the magistrate's conclusion that the Secretary's decision is not supported by substantial evidence necessitates a reversal of that decision. However, this court is empowered by 42 U.S.C. § 405(g), as amended, to remand the case for good cause to the Secretary, thereby allowing additional administrative consideration. Good cause may consist of new evidence obtained after the hearing that suggests a different conclusion. 42 U.S.C. § 405(g), as amended. *See King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Leviner v. Richardson*, 443 F.2d 1338 (4th Cir. 1971).

> "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' "

*Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979), *quoting Arnold v. Secretary of Health, Education, and Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). In the opinion of this court, a case should be reversed, rather than remanded, only when "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when re-opening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

Therefore, after careful review of the record according to the applicable standard of scrutiny, this court finds the magistrate's report to be an accurate and well-reasoned analysis of the case, and that report is hereby incorporated into this order by specific reference thereto. For the foregoing reasons, the cause herein is remanded to the Secretary for additional consideration, not inconsistent with this opinion, concerning whether "the individual's impairment(s) prevent other work" under 20 C.F.R. § 404.1503(f).

AND IT IS SO ORDERED.