**Donald LEBUS, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**Civ. No. C–80–1315 SW.**

United States District Court,
N. D. California.

Sept. 9, 1981.

John MacMorris, San Francisco, Cal., for plaintiff.

G. William Hunter, U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., Chief, Civil Division, San Francisco, Cal., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CASE TO SECRETARY.

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services denying his application for disability insurance benefits. Both parties have filed motions for summary judgment. Having concluded that the administrative law judge (ALJ) used improper legal standards in weighing the evidence, this court remands, directing the Secretary to act in accordance with this opinion.

## FACTUAL BACKGROUND

Plaintiff is a thirty-three year old man with twelve years of formal education. His work history consists of sporadic periods of employment as a self-employed portrait artist, dishwasher, and street musician. In one six week period in 1967, plaintiff earned $1500 painting portraits. He continued to work intermittently as an artist until 1976 (TR 46), and his last job was as a dishwasher in October, 1978.

On August 23, 1978, plaintiff filed an application for supplemental security income, alleging manic-depressive illness as the cause of his inability to work. The Social Security Administration denied plaintiff's application. On January 21, 1980, after considering the case *de novo*, the ALJ found the plaintiff not to be disabled under the Social Security Act. The ALJ's decision became the final decision of the Secretary when it was approved by the Appeals Council on March 20, 1980.

## GENERAL LEGAL STANDARD

Under 42 U.S.C. § 405(g), the jurisdiction of the court is limited to the ques-

tion of whether the findings of the Secretary are supported by substantial evidence. *Hall v. Secretary of Health, Education, and Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979). Applying this test, the court must uphold the Secretary's determination that plaintiff is not disabled for the purpose of receiving benefits if the findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court's review is directed to the record as a whole and not merely to the evidence tending to support a finding. *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978); *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976).

Where the proper legal standard, however, is not applied by the ALJ in weighing the evidence and reaching a decision, the decision should be set aside, even though the findings are supported by substantial evidence. *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978); *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968).

A claimant is entitled to disability benefits under the Social Security program if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). A physical or mental impairment "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C).

The initial burden of proving disability is on the claimant. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Seitz v. Secretary of Social Security Administration*, 317 F.2d 743, 744 (9th Cir. 1963). This burden is met once he establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Hall*, 602 F.2d at 1375; *Cox*, 587 F.2d at 990. The Secretary must then assume the burden of showing that alternative substantial gainful employment which claimant can perform exists in the national economy. *Id.*

## SUBSTANTIALITY OF THE EVIDENCE

In finding the plaintiff not to be disabled, the ALJ based her decision on two key factors: (1) that the report by Dr. T. H. Brzozowski, staff psychiatrist with the San Francisco Department of Public Health, was not supported by medically acceptable clinical and laboratory data, and (2) that plaintiff, although found to suffer from manic-depressive illness, had sporadic periods of remission which precluded him from meeting the durational requirement of twelve *continuous* months of disability. The legal standards applied by the ALJ in reaching this decision are in error. In discussing the proper standards, the court will consider two issues: (1) whether psychiatric evidence can be disregarded by the ALJ because it is not accompanied by objective clinical or laboratory findings, and (2) whether the existence of symptom-free intervals during the course of mental illness necessarily prevents a claimant from meeting the statutory requirement that a disability last for at least twelve continuous months. In addition, the court will consider whether new evidence submitted by plaintiff should be considered on remand.

*Psychiatric Evidence:*

According to the ALJ's findings, plaintiff did not meet his initial burden of establishing a prima facie case of disability. In evaluating plaintiff's case, the ALJ assigned very little weight to the psychiatric evidence presented, particularly the opinion of Dr. T. H. Brzozowski, due to the absence of objective clinical and laboratory findings. Dr. Brzozowski's report of October 4, 1979, indicated that plaintiff suffers from severe manic-depressive psychosis, leads a "very marginal chaotic life style," and is and "will be [unable] to hold competitive employment in the near future." (TR 146) This evaluation by Dr. Brzozowski was based on nearly two months of psychiatric monitoring of

**60**

plaintiff, immediately following plaintiff's confinement at Napa State Hospital from June 8 to July 24, 1979.

 Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. *See Lewis v. Weinberger*, 541 F.2d 417, 420 (4th Cir. 1976); *Wyatt v. Weinberger*, 519 F.2d 1285, 1287 (4th Cir. 1975); *Young v. Harris*, 507 F.Supp. 907, 912 (D.S.C.1981); *Reams v. Harris*, 498 F.Supp. 802, 804 (D.N.C.1980); *Alvarez v. Califano*, 483 F.Supp. 1284, 1286 (E.D.Pa.1980); *Taddeo v. Richardson*, 351 F.Supp. 177, 180 (C.D.Cal.1972).[1] In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness. A strict reading of the statutory requirement that an impairment to "demonstrable by medically acceptable clinical and laboratory diagnostic techniques," 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C), is inappropriate in the context of mental illness. Rather,

when mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic technique. *Alvarez*, 483 F.Supp. at 1286.[2]

This view is entirely consistent with the regulations, 20 C.F.R. Subparts P and I, Appendix 1, § 12.00 *et seq.* (1979), which describe the nature and clinical manifestations of certain mental disorders. Appendix 1 is incorporated in the sequential evaluation process for the adjudication of disability claims which is set forth in 20 C.F.R. §§ 404.1503, 416.903 *et seq.* These regulations establish a series of inquiries which the ALJ is to make in determining the validity of plaintiff's claim.[3] This evaluation procedure allows plaintiff to prove disability in two ways. Appendix 1 of Subparts P and I lists medical criteria for various impairments that are of a level of severity justifying a finding of disability. If plaintiff introduces specific medical findings that are identified in the Appendix as essential in establishing a diagnosis or in

1. The Ninth Circuit has suggested that "there may be people who are really disabled, and can be found so by medically acceptable clinical diagnostic techniques, even though laboratory techniques do not support the diagnosis." *See, e. g., Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968).

2. Under the relevant decisional law of the Fourth Circuit, a prima facie case of disability due to mental impairment is established by showing (1) that the plaintiff's treating physician considers him disabled as the result of a mental impairment, (2) that past medical history and subjective testimony of plaintiff and his family was consistent with the physician's conclusion, and (3) that the diagnosis of the consulting psychiatrist was also consistent with that conclusion. *Young v. Harris*, 507 F.Supp. 907, 912 (D.S.C.1981); *Lewis v. Weinberger*, 541 F.2d 417, 420 (4th Cir. 1976).

3. "The first inquiry under the sequence concerns whether a claimant is currently engaged in substantial gainful employment. If it is found that he is, the claim is denied without reference to the other steps in the sequence. If

he is not, the second inquiry is whether the claimant has a "severe" impairment. If he does not, the claim is denied. If a severe impairment is present, the third inquiry is whether such impairment meets or equals one of the impairments listed under Appendix 1 to Subpart P [and I] of the Administrative Regulations .... If it does, the claim is approved. If it does not, the fourth inquiry is whether the claimant's impairments prevent him from performing his past relevant work. If he is found to be capable of returning to his past relevant work, the claim is denied. If he is not found to be so capable, the fifth and final inquiry is whether the claimant is able to perform other forms of substantial gainful activity, considering his age, education, and prior work experience. If he is not the claim is approved." *Cannon v. Harris*, 651 F.2d 513, at 517 (7th Cir. June 17, 1981); *Phillips v. Harris*, 488 F.Supp. 1161, 1164 (W.D.Va.1980); *See* 45 Fed.Reg. 55,566 (1980) (to be codified in 20 C.F.R. §§ 404.1520, 416.920) (The analysis under the new regulations, though in simpler, briefer language appears essentially unchanged.).

confirming the existence of an impairment, his claim is approved. 20 C.F.R. §§ 404.-1517, 416.917. Plaintiff is not, however, required to meet the standards of Appendix 1 in order to prove disability. Rather, plaintiff may rely on the traditional approach established by the case law which utilizes shifting burdens of proof.

The alternative standard for clinical and laboratory data in the context of mental disorders as discussed *supra*, parallels the regulatory scheme in Appendix 1, § 12.00 *et seq.* in that the observations and diagnoses of professionals trained in the field of psychopathology are the focal points of both systems. Specifically, under Section 12.00 *et seq.* of Appendix 1, clinical signs are "medically demonstrable phenomena ... which indicate specific abnormalities of behavior, affect, thought, memory, orientation or contact with reality." 20 C.F.R. Subparts P and I, Appendix 1, § 12.00(A). Laboratory findings include psychological tests and those findings "relevant to such issues as restriction of daily activities, constriction of interests, deterioration of personal habits (including personal hygiene), and impaired ability to relate to others." *Id.*

Though the regulations identify specific observational findings which must be addressed by a psychiatrist in order for information to qualify as clinical and laboratory data, this is entirely appropriate, since once the requirements of the regulations are met, a claim is approved. Because plaintiff can utilize the shifting burden of proof approach to prove his claim, it is unnecessary for the requirement of clinical and laboratory data to be as specific as that required by the Appendix. This court recognizes, however, that certain objective tests have and are being developed to facilitate the diagnosis and verification of certain mental disorders, and therefore, this opinion should not be construed as relaxing the requirement of objective data wherever it is possible to obtain such data.

▇ Because the ALJ misconstrued the requirement, in the context of mental illness, that impairments be demonstrable by clinical and laboratory diagnostic techniques, and thus applied an improper legal

standard, the court remands this case so that Dr. Brzozowski's report can be reconsidered. In addition, the other psychiatric evidence in this case should be reevaluated in accordance with this opinion.

*Symptom-Free Periods*:

The ALJ ascribed particular importance to the fact that the plaintiff had certain symptom-free periods that precluded him from meeting the statutory requirement that an impairment "last for a *continuous* period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). While the mere existence of symptom-free periods may negate a finding of disability when a physical impairment is alleged, symptom-free intervals do not necessarily compel such a finding when a mental disorder is the basis of the claim. Unlike a physical impairment, it is extremely difficult to predict the course of mental illness. Symptom-free intervals, though sometimes indicative of a remission in the mental disorder, are generally of uncertain duration and marked by an impending possibility of relapse. Realistically, a person with a mental impairment may be unable to engage in competitive employment, as his ability to work may be sporadically interrupted by unforeseeable mental setbacks.

The Secretary's supplemental regulation regarding mental disorders, 20 C.F.R., Subparts P and I, Appendix 1, § 12.00 *et seq.* (1979), is not inconsistent with this view. Although the regulation advises that the duration of a mental disorder be determined by medical evidence, it contains no guidelines of how long a symptom-free period is needed before a disorder may be presumed to have sufficiently abated so that it is no longer disabling. *See Doe v. Harris*, 495 F.Supp. 1161, 1171 (D.Del.1980).

▇ Rather, the relevant inquiry is whether a claimant can engage in any substantial gainful activity during the symptom-free intervals, given the likelihood, frequency, and severity of relapses in his mental illness. This inquiry should be evaluated in light of similar symptom-free periods in claimant's past mental history. Among the factors which the ALJ should consider are: (1) whether the claimant is engaged in

the type of employment which can be interrupted and resumed unexpectedly, and (2) whether claimant is participating in a treatment program which has demonstrated past success and potential for claimant's future recovery.

■ Because the ALJ inappropriately evaluated the durational requirement as it applied to plaintiff, the court remands the case for reconsideration of this issue in accordance with this opinion.

*New Evidence:*

■ Plaintiff submitted new evidence to this court for remand. The new evidence consists of: (1) records of plaintiff's hospitalization from May 7, 1980, to June 2, 1980, at San Francisco General Hospital, which occurred after the Secretary's decision was entered, and (2) an updated report on plaintiff's condition by Dr. T. H. Brzozowski covering the period October 4, 1979, to June 16, 1980. At issue is whether the new evidence warrants consideration by the ALJ.

The courts may remand for the purpose of "order[ing] additional evidence to be taken before the Secretary" if "good cause" is shown. 42 U.S.C. § 405(g). The Ninth Circuit has instructed that the granting of a remand in this context does not

> require such a technical and cogent showing of good cause as would justify the vacation [sic] of a judgment or the granting of a new trial, where no party will be prejudiced by the acceptance of additional evidence and the evidence offered bears directly and substantially on the matter in dispute.

*Goerg v. Schweiker*, 643 F.2d 582, 583 (9th Cir. 1981); *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975), quoting *Wray v. Folsom*, 166 F.Supp. 390, 395 (W.D.Ark. 1958).

In this case, good cause exists for allowing the ALJ to consider plaintiff's new evidence. The ALJ in his decision relied heavily on the report of Dr. William A. Anderson, a psychiatrist at Bay View Medical Center, who diagnosed plaintiff as being in partial remission and predicted that "by early 1980 [plaintiff] would be able to attempt functioning." (TR 152) Because the

new evidence tends to refute Dr. Anderson's prediction, bears directly on the issue of symptom-free periods, and includes a follow-up report by Dr. Brzozowski, it should be considered on remand. It should be noted that, according to the hospital records, plaintiff's hospitalization may have been prompted by plaintiff's failure to take prescribed medication. The ALJ should carefully consider the circumstances surrounding this incident, since an individual who willfully fails to follow prescribed treatment cannot be found to be under a disability. *Holguin v. Harris*, 480 F.Supp. 1171, 1179 (N.D.Cal.1979).

Having reviewed the ALJ's decision, the court concludes that improper legal standards were applied.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is DENIED.

FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

FURTHER ORDERED that plaintiff's motion for remand is GRANTED.

FURTHER ORDERED that this case is remanded to the Secretary for reconsideration in accordance with this opinion.