**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1132

DANIEL MULERO,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]
[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

Melba N. Rivera-Camacho on brief for the appellant.
H.S. Garcia, United States Attorney, Camille L. Velez-Rive, Assistant United States Attorney, and Christopher A. Michaels, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

September 2, 2004

**Per Curiam**.   This social security disability appeal focuses on whether the claimant's residual functional capacity, combined with his age, education, and past work experience, enables him to do work other than what he did in the past.   The administrative law judge (ALJ) answered this question in the affirmative, and the magistrate judge[1] affirmed.  We have carefully reviewed the record and the parties' briefs and affirm the district court's judgment for essentially the reasons stated in the magistrate judge's Opinion and Order.  We add only the following comments.

On appeal, the claimant makes the following arguments:

(1) that the expert neurologist and psychiatrist called by the Commissioner did not give sufficient weight to the opinions of the claimant's treating neurologist and psychiatrist;

(2) that the expert psychiatrist did not consider that "mental disorders have their ups and downs";

(3) that the expert psychiatrist improperly drew an adverse inference from the fact that the claimant had not been prescribed anti-depressant medication; and

(4) that the ALJ incorrectly categorized the claimant as a "younger individual" for purposes of determining his ability to do other work.

---

[1]By consent of the parties, this case was decided by a magistrate judge.

-2-

The first three arguments reflect a misunderstanding of the applicable locus and standard of judicial review. This court reviews the decisions of the Commissioner, not the opinions of individual expert witnesses. 42 U.S.C. § 405(g). Even construing the claimant's first three arguments as challenging the weighing of the evidence by the ALJ, rather than by the Commissioner's experts, those arguments are unavailing as grounds for reversing the Commissioner's decision for the reasons discussed by the magistrate judge.

Additionally, claimant's second argument, that the "up and down" nature of mental illness must be taken into account, is inapt here. This is not a case where the ALJ inferred from symptom-free intervals that the claimant's mental illness was of insufficient duration to be disabling. Cf. Lebus v. Harris, 526 F. Supp. 56, 61-62 (N.D. Cal. 1981). Here, although there was conflicting evidence as to the diagnosis of claimant's mental impairment, there was no evidence of symptom-free intervals during the period in question. Nor was there any dispute that claimant's impairments had lasted or were expected to last for the requisite continuous period of not less than twelve months. See 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509 (to be "severe," impairment must satisfy durational requirement).

As to claimant's third argument, the ALJ properly considered the medications that claimant had been prescribed in

concluding that "[t]he claimant's statements concerning his impairments and their impact on his ability to work were not entirely credible." See 20 C.F.R. § 404.1529(c)(3)(iv) (requiring consideration of "[t]he type, dosage, effectiveness, and side effects of any medication [claimant] take[s] or ha[s] taken" in evaluating subjective symptoms); see also Social Security Ruling 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 *3, *7 (S.S.A. July 2, 1996) (same).  Claimant's suggestion that his doctors' failure to prescribe antidepressant medication may have been due to their improper treatment or to his inability to afford such medication lacks any evidentiary basis in the record. Moreover, because this argument was not raised in the lower court, it may not be raised here.  Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 273 (1st Cir. 1988).

Claimant's fourth argument, concerning his age, also was not raised below and therefore need not be considered here.  Id.

Affirmed.