**Luz E. MORALES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

No. 86 Civ. 2112 (RLC).

United States District Court, S.D. New York.

May 12, 1987.

---

Luz E. Morales, pro se.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City, for defendant; Donna H. Lieberman, Sp. Asst. U.S. Atty., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Luz E. Morales is here *pro se* seeking review of a decision of Otis R. Bowen, the Secretary of Health and Human Services ("the Secretary"). The decision found plaintiff not disabled for purposes of the Social Security Act ("the Act"), 42 U.S.C. § 301 *et seq.*, and denied her Supplemental Security Income ("SSI") benefits. *See id.* § 1382c(a)(3). The Secretary now moves that judgment be entered on the pleadings for affirmance of his denial and dismissal of the complaint. *See* Rule 12(c), F.R.Civ.P.

## BACKGROUND

Morales was born in Mayaguez, Puerto Rico on March 16, 1939. (Tr. 30).[1] She completed two years of college there, and is conversant in Spanish and English. (Tr. 16, 54). She served for some time as a court stenographer, but since about 1957 she has not worked. She allegedly has been disabled by diabetes mellitus since approximately 1965. (Tr. 31, 50). She reports impaired vision, frequent dizziness, and weakness resulting from her diabetic condition. (Tr. 50).

Morales originally applied for SSI benefits on November 14, 1983. (Tr. 30–39). On that date, her treating physician, Dr. Jyotindra Shah, provided a brief report, stating in part, "Ms. Luz Morales is being treated by us for DBM [diabetes mellitus] at present. She is unable to work at present." (Tr. 65). On December 8, 1983,

upon the Secretary's request, Dr. Shah rendered a more extensive report. (Tr. 66–69). The report listed laboratory findings of fasting blood sugar on six dates ranging over a one-and-a-half year period, including one finding only three days prior to Morales's last date of treatment. An electrocardiographic finding of isolated T-wave changes was also listed. (Tr. 69). The report also detailed antidiabetic medications prescribed to plaintiff, and noted her complaint of constipation on the most recent date of treatment. (Tr. 68).

Morales's application for benefits was denied initially (Tr. 42–44) and on reconsideration (Tr. 46–48). She then requested and received a hearing on June 6, 1984, before Administrative Law Judge Robert J. Lazarus ("the ALJ"). (Tr. 11–21). Plaintiff attended the hearing without counsel. In response to questioning by the ALJ, she suggested that she might be able to resume work as a court stenographer assuming she could reacquire the skill to do so. She also testified, however, that her diabetic condition caused periodic dizziness, impairment of her vision, and accompanying functional difficulties. (Tr. 15–18).

On September 19, 1984, the Appeals Council reopened plaintiff's application for redetermination in light of *Dixon v. Heckler*, 589 F.Supp. 1494 (S.D.N.Y.1984) (Lasker, J.), *aff'd*, 785 F.2d 1102 (2d Cir.1986), in which this court preliminarily enjoined the Secretary from denying or terminating benefits based on the "non-severity" of a medical impairment. A second hearing was held on November 20, 1984. (Tr. 22–29). Again plaintiff had no legal representation; and again she testified that she would like to return to work but was unsure of her ability to do so. (Tr. 26–28). On January 21, 1985, the ALJ issued a decision finding plaintiff "not disabled" and denying her claim for SSI benefits. (Tr. 5–9). The Appeals Council affirmed the ALJ's denial on December 27, 1985, constituting the final decision of the Secretary in this case. (Tr. 2–3).

---

1. "Tr." refers to the paginated administrative transcript and record filed as part of defend-

ant's answer.

## DISCUSSION

In what appears, disturbingly, to be part of a pattern, the Secretary failed to take into account the presumptive probative force of Dr. Shah's opinion. *See Schisler v. Heckler*, 787 F.2d 76, 81–85 (2d Cir.1986); *De Leon v. Secretary of Health & Human Services*, 734 F.2d 930, 937 (2d Cir.1984) (district court reversals of Secretary's decisions on issue of treating-physician rule are "almost legion"); *see also Stieberger v. Bowen*, 801 F.2d 29 (2d Cir.1986).

■■ The opinion of a treating physician regarding the nature and degree of a medical impairment deserves more weight than other sorts of evidence relevant in disability adjudications. *Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986). Specifically, inasmuch as such an opinion represents the judgment of an expert, it is *"binding on the fact-finder* unless contradicted by substantial evidence." *Schisler, supra*, 787 F.2d at 81 (emphasis added). Moreover, even among evidence provided by different medical experts, the opinion of a *treating* medical expert is "entitled to some extra weight because the treating physician is usually more familiar with a claimant's medical condition than are other physicians." *Id.* It appears also that a treating physician's medical testimony is presumptively reliable enough in and of itself that it need not "be supported by objective clinical or laboratory findings." *Id.* at 82 n. 2; *Bluvband v. Heckler*, 730 F.2d 886, 893 (2d Cir.1984).

■■ To be sure, "genuine conflicts between the opinion of the treating physician, with its extra weight, and any substantial evidence to the contrary" are for the Secretary as fact-finder, not the court, to resolve. *Schisler, supra*, 787 F.2d at 81. The Secretary, not the court, is charged with the duty of assessing in the first instance the value of each item of evidence. Thus, absent legal error, a determination by the Secretary that a claimant is not disabled is conclusive, and will be upheld upon review, if it is supported by substantial evidence. *Bluvband, supra*, 730 F.2d at 891 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

Here, however, the ALJ's reference to Dr. Shah's diagnosis and opinion is as follows:

> Current medical evidence from the treating source confirms a diagnosis of diabetes mellitus. However, said medical evidence also indicates that the claimant's impairment is relatively well-controlled with medication and diet and there is no evidence of target organ involvement attributable to her diabetic condition.[2]

(Tr. 8). Recitation of Dr. Shah's findings was followed up not with any mention of the treating physician's statement that Morales is "unable to work at present" (Tr. 65), but with the ALJ's lay interpretation of the findings.

■■ Such a disposition violates the law of this circuit. Instead of accepting Dr. Shah's determination as binding, the ALJ supplanted it with his own opinion. As a result, the ALJ inevitably did not meet his additional responsibility to weigh the probative value of the physician's determination against the probative value of any conflicting evidence. *See Bluvband, supra*, 730 F.2d at 893.

It is difficult to find any evidence at all, much less substantial evidence, in conflict with the treating physician's conclusion. The Secretary argues that Dr. Shah's more

2. Reviewing the reports submitted by Dr. Shah, the ALJ continued:

Claimant has no history of chest pain and no other complaints besides constipation. As of her last examination in December, 1983 her blood pressure was 138/82. There were no significant neurological deficits, organ enlargements or any other abnormalities noted. She had a full range of motion in all joints and no significant findings. EKG taken in November, 1982 showed an isolated T-wave, but no other abnormalities (Exhibits 10 and 11).

(Tr. 8) (citing, as Exhibits 10 and 11, Dr. Shah's two reports, *see* Tr. 65–69). Significantly, the ALJ did not mention the six findings of fasting blood sugar. (Tr. 69).

detailed report of December 8, 1983, provides substantial, conflicting evidence on which disagreement with the doctor's conclusion may be based. However, that report specifically lists Morales's most recent date of treatment as November 14, 1983, *the date of the earlier report in which he found her unable to work.* (Tr. 65, 68). The December 8 report gives no indication that any of its findings were made after the earlier report was written. On the contrary, most of the findings are dated prior to November 14, 1983. (Tr. 68–69). In short, nothing in the record justifies an inference that Dr. Shah changed his mind or that plaintiff's medical condition improved after the physician rendered his opinion.

The Secretary also argues that Morales's own testimony before the ALJ provides substantial evidence in conflict with the opinion of her treating physician. According to the Secretary, plaintiff's statement that she has spent time reading and sewing contradicts her complaint of impaired vision. Even if such testimony was contradictory,[3] however, it does not affect the validity of Dr. Shah's opinion: The physician's reports do not suggest that impaired vision was part of the diagnosis from which he concluded that Morales is unable to work. Indeed, the reports do not mention impaired vision. Plaintiff's statements are simply irrelevant to Dr. Shah's opinion and the question of whether that opinion is binding on the Secretary. Morales also testified, as noted above, that she would like to return to work. Such statements may reflect on plaintiff's perseverance and courage, but they do not constitute substantial evidence competent to contradict her treating physician's expert opinion about her objective medical condition. *See* 20 C.F.R. § 416.928(a) (1986) (claimant's "statements alone are not enough to establish that there is a physical or mental impairment."); *cf. Bluvband, supra,* 730 F.2d at 894 (evaluations by consulting physicians, which were "critically disputed" and based on only one examination of claimant, did not constitute substantial evidence contradicting treating physician's opinion).

The violation of the treating-physician rule in this case would be enough by itself to warrant reversal of the Secretary's decision. It further appears, however, that the ALJ did not carry out the special duties owed to Morales as a *pro se* claimant. *See Bluvband, supra,* 730 F.2d at 892, 895. Whenever a claimant is not represented by counsel, it is incumbent on the ALJ "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 895 (quoting *Gold v. Secretary of Health, Education & Welfare,* 463 F.2d 38, 43 (2d Cir.1972)). The need for enforcement of this heightened duty of inquiry is evident. Proceedings before the Secretary are designed to be non-adversarial, and they "certainly are not likely to be" adversarial where the claimant proceeds without the benefit of legal representation. *Id.* at 892 (quoting *Donato v. Secretary of Health & Human Services,* 721 F.2d 414, 418 (2d Cir.1983)). The ALJ should, therefore, "affirmatively assist the parties in developing the record." *Id.* (citing *Hankerson v. Harris,* 636 F.2d 893, 896 (2d Cir.1980)).

Several portions of the record show an inadequate development of the relevant facts. For example, Dr. Shah's report of December 8, 1983, stated that Morales had been treated for some time by another physician before she began seeing him. Medical records from the prior course of treatment no doubt would have been helpful, and the ALJ should have encouraged plaintiff to provide them. *See Bluvband, supra,* 730 F.2d at 895. In addition, Morales briefly referred to an operation which she apparently had undergone. (Tr. 17). The ALJ failed to follow up on her testimony. He should have asked her to elaborate, as well as advising her to obtain any medical

---

**3.** Plaintiff's statements certainly are not inevitably inconsistent. She testified to intermittent impairment of her vision: "[S]ometimes I get like blind ...." (Tr. 17). She also testified that at times she reads or sews. (Tr. 19, 53). She did not say that she reads or sews while her vision is impaired.

records on file in the health care facility where the operation took place.

## CONCLUSION

The Secretary's decision that plaintiff is not disabled failed to acknowledge the binding effect of a treating physician's opinion absent substantial, conflicting evidence. In addition, his decision was reached without the diligent inquiry and development of the record which plaintiff, as a *pro se* claimant, deserved. The Secretary's motion for judgment the pleadings is therefore denied. His decision is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.