9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martha BUTLER, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENTS OF HEALTH & HUMAN SERVICES, Donna
E. Shalala, Secretary, Defendant-Appellee.
 No. 93-6025.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals the district court's order[2] of November 25, 1992, affirming the decision of the Secretary to deny claimant social security benefits. Claimant applied for disability insurance benefits and supplemental security income in July 1990. She alleged she had been disabled since January 15, 1990, due to a mental impairment.[3] Claimant's applications were denied administratively, and after conducting a de novo hearing, the administrative law judge (ALJ) concluded that claimant was not disabled because she could return to her past relevant work. When the Appeals Council denied claimant's request for review, the ALJ's decision became the final decision of the Secretary.
 
 
 3
 At the hearing, claimant complained of lung and back problems in addition to her psychological problems. Claimant also stated that the sleeping medication she took made her hands shake. The ALJ found that claimant did not have any physical impairment that interfered with her ability to function. The ALJ did find, however, that claimant has a severe mental impairment. The record shows that claimant has suffered psychological problems since 1969, which have resulted in her being hospitalized nine times, most recently in 1982 and 1983. Though originally diagnosed as schizophrenic, claimant's current diagnosis is bipolar disorder-depressive.
 
 
 4
 As a result of her mental disorder, the ALJ found that claimant is "markedly limited in her ability to understand and remember detailed instructions" and "to interact appropriately with the general public." Appellant's App. at 43. The ALJ further found that claimant is "moderately limited in her ability to accept instructions," to "respond appropriately to criticism from supervisors," "to get along with co-workers or peers without distracting them or exhibiting behavioral extremes," "to maintain socially appropriate behavior," and "to adhere to basic standards of neatness and cleanliness." Id. at 43-44. The ALJ found that claimant is capable of performing only simple tasks and noted that based on her limitations, claimant cannot "tolerate active involvement with the public, but can relate adequately to co-workers and supervisors if contact [is] minimal and superficial." Id. at 44.
 
 
 5
 The ALJ concluded, nonetheless, that claimant can return to her past relevant work. He based his conclusion on his determination that "claimant's past relevant work has all been basically low stress type work" and the physical requirements of the jobs do not exceed claimant's capabilities. Id. at 45.
 
 
 6
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Because "[s]ubstantiality of evidence must be based upon the record taken as a whole," Broadbent v. Harris, 698 F.2d 407, 412 (1983)(per curiam), we must "meticulously examine the record," id. at 414, to determine whether the evidence in support of the Secretary's decision is substantial and "take into account whatever in the record fairly detracts from its weight," Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir.1984). " 'Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.' " Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984)(per curiam)(quoting Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir.1983)).
 
 
 7
 On appeal, claimant argues that the Secretary's decision is not supported by substantial evidence and that the Secretary committed legal error. In regard to her mental impairment, claimant first argues that because the record is devoid of vocational evidence concerning the specific requirements of claimant's past work, the ALJ had no basis on which to conclude that claimant could perform her past work despite her present limitations. Claimant also contends that no evidence supports the ALJ's determination that all claimant's past work was "low stress." Finally, claimant argues that in evaluating the effect of her psychological limitations on her ability to do her past work, the ALJ failed to take into account that if claimant returned to work, she would no longer be in the controlled environment in which she had been functioning since January1990, when she began attending lengthy therapy sessions at a mental health center several days a week.
 
 
 8
 In regard to her alleged physical impairments, claimant argues that the record contains insufficient evidence of the exertional requirements of claimant's past work to support the ALJ's conclusion that claimant can perform that work. Claimant also argues that the ALJ failed to consider the combined effect of her physical and mental impairments on her ability to work.
 
 
 9
 Based upon our review of the record, we conclude substantial evidence exists to support the ALJ's determination that claimant's physical ailments do not interfere with her ability to perform her past relevant work. We further conclude, however, that the ALJ failed to apply the correct legal standards in evaluating the effect of claimant's mental impairment on her ability to perform her past work and that his decision is not supported by substantial evidence.
 
 
 10
 In assessing the severity of a mental disorder and its impact on a claimant's ability to do work, the Secretary considers, among other things, the claimant's ability to engage in the activities of daily living; to interact appropriately with the public, supervisors, and co-workers; to focus long enough to complete tasks in a timely fashion; and to adapt to stressful circumstances without either withdrawing from the situation or experiencing increased signs and symptoms of the claimant's mental disorder. 20 C.F.R. Pt.404, Subpt.P, App.1, 12.00(C).
 
 
 11
 The ALJ considered the impact of claimant's mental disorder on her ability to perform the functions set forth above, and determined that claimant can work so long as the work is low stress and does not require active involvement with the public, more than minimal or superficial contact with co-workers and supervisors, or the performance of more than simple tasks. The ALJ then concluded that claimant's past work meets these criteria. This last conclusion is without any support in the record.
 
 
 12
 Even though the claimant has the burden of proving a disability, an ALJ still has "a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.' " Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987)(quoting Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983)(Brennan, J., concurring)). Furthermore, the ALJ's "affirmative duty to fully and fairly develop the record [exists] regardless of whether the applicant is represented by an attorney," as here. Baker v. Bowen, 886 F.2d 289, 292 n.1 (10th Cir.1989)(per curiam). Because he did not elicit any evidence from a vocational expert or refer to any accepted vocational manuals, such as the Dictionary of Occupational Titles,[4] in evaluating the requirements of claimant's past work, the ALJ had only claimant's testimony and the vocational form claimant filled out on which to rely. Neither of these sources, however, provided information about the functional requirements at issue here. The vocational form claimant filled out elicited information only about the technical skills and exertional requirements of her past work, and the ALJ did not take the opportunity at the hearing to inquire about the functional requirements of claimant's past work that are relevant to her mental impairment.
 
 
 13
 Finally, it does not appear that the ALJ applied the correct legal standards in evaluating whether claimant is disabled. "A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." Singletary v. Bowen, 798 F.2d 818, 822 (5th Cir.1986); accord Dix v. Sullivan, 900 F.2d 135, 138 (8th Cir.1990); Pagan v. Bowen, 862 F.2d 340, 350 (D.C.Cir.1988); Pettyjohn v. Sullivan, 776 F.Supp. 1482, 1485 (D. Colo.1991); see also Byron, 742 F.2d at 1235 ("In order to engage in gainful activity, a person must be capable of performing on a reasonably regular basis.").
 
 
 14
 The record shows that claimant has not worked since January 1990 and her work history for the previous ten years is very spotty. During that time, she worked as a waitress, a cashier, a nurse's aid, a homecare provider for the welfare department, a housekeeper in a hospital, and a shoe repairer. Between February 1982 and January 1990, claimant held only one job for longer than a year, and many of the jobs she held for only a few months. Claimant testified that she could not handle the stress and strain of working and that she was fired several times because of her inability to function; other times she had to quit because she got "sick." Claimant's husband testified that claimant had trouble relating to her supervisors and co-workers (claimant slapped one co-worker) and dealing with the public, and that she became extremely frustrated. He observed claimant working in the shoe repair shop, and testified that at times she would shake all over.
 
 
 15
 Claimants suffering from mental disorders may go into remission or otherwise have symptom-free intervals, during which they may attempt to or actually work. In evaluating such a claimant's ability to engage in gainful activity, the ALJ should consider "both the length of time on the job and the reasons for leaving, as well as 'the likelihood, frequency, and severity of relapses in [appellant's] mental illness.' " Poulin v. Bowen, 817 F.2d 865, 876 (D.C.Cir.1987)(quoting Lebus v. Harris, 526 F.Supp. 56, 61 (N.D. Cal.1981)(alteration in original)(footnote omitted); see also 20 C.F.R. Pt.404, Subpt.P, App.1, 12.00(D)("Information concerning the individual's behavior during any attempt to work and the circumstances surrounding termination of the work effort [is] particularly useful in determining the individual's ability or inability to function in a work setting."). The ALJ's opinion does not reflect that he considered any of these factors in evaluating claimant's ability to return to her past work.
 
 
 16
 Furthermore, in determining whether a mentally impaired claimant whose "overt symptomatology may be controlled or attenuated by psychosocial factors," such as being in a structured environment, can work, the ALJ must consider the claimant's ability to function outside the structured setting. 20 C.F.R. Pt.404, Subpt.P, App.1, 12.00(F). After she stopped working in January1990, claimant began attending individual and group therapy sessions at a mental health clinic for four to five hours a day several times a week. Despite the structure that the mental health clinic provided in claimant's life, she still had episodes of sleepwalking, nightmares, and disorientation. The ALJ's opinion does not reflect that he considered claimant's ability to work without the structure provided by the mental health clinic.
 
 
 17
 Because the ALJ failed to apply the correct legal standards and his opinion is not supported by substantial evidence, we must reverse and remand for further proceedings consistent with this order and judgment.
 
 
 18
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED with directions to remand the action to the Secretary for further proceedings.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 By agreement of the parties, the case was submitted to a magistrate judge for final resolution pursuant to 28 U.S.C. 636(c)
 
 
 [3]
 The record does not contain claimant's applications for benefits and does not otherwise indicate whether claimant claimed she was disabled due to both physical and mental problems, or only the latter. By order entered September 2, 1993, we directed claimant to provide the court with a supplemental appendix consisting of the entire administrative record. Although claimant filed a supplemental appendix, it contains only part of the administrative record. With the exception of Exhibit 17, the record on appeal is missing Exhibits 1-22 that were before the Secretary, including claimant's applications for benefits
 
 
 [4]
 Employment & Training Admin., U.S. Dep't of Labor, Dictionary of Occupational Titles, (4th ed.1977)