**Kathryn L. ROBERTS, Plaintiff,**

v.

**John J. CALLAHAN, Commissioner of Social Security, Defendant.**

**Civ. No. 96–858 JP/LCS.**

United States District Court, D. New Mexico.

May 5, 1997.

Gary J. Martone, Albuquerque, NM, for plaintiff.

Joan M. Hart, U.S. Atty. Office, Dist. of New Mexico, Albuquerque, NM, for defendant.

### ORDER

PARKER, District Judge.

**THIS MATTER** comes before the Court upon the Proposed Findings and Recommended Disposition of the United States Magistrate Judge. The Defendant having made no objections to the Proposed Findings and Recommended Disposition;

**IT IS HEREBY ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition granting the Plaintiff's Motion to Reverse and Remand for a Rehearing are adopted by the Court;

**IT IS FURTHER ORDERED** that this action is remanded to the Defendant so that he shall continue the sequential evaluation process with respect to the Plaintiff's mental impairment, re-evaluate Plaintiff's obesity under the listings, and reconsider his credibility determination.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

April 2, 1997

SMITH, United States Magistrate Judge.

#### Proposed Findings

1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed March 20, 1997. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to asthma, obesity, depression, and right foot problems. She also claims to suffer from right knee and back pain.

2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. § 405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir.1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to

apply the correct legal tests. *Id.* (citation omitted).

4. The Plaintiff raises the following allegations of error with respect to the ALJ's decision: 1) the ALJ did not properly determine nor did he support with substantial evidence his conclusion that the Plaintiff does not have a severe mental impairment; 2) the ALJ erred when he failed to explain his listing analysis under step three of the sequential evaluation process; and 3) the ALJ did not properly determine nor did he support with substantial evidence his credibility finding.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period ·of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. § 423(d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id.* The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id.* (citations omitted).

6. At the first three levels of the sequential evaluation process, the claimant must show that 1) she is not engaged in substantial gainful employment; 2) she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and 3) the impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. *See* 20 C.F.R. § 404.1520, § 416.920. If the claimant cannot show that she has met or equaled a listing, then the claimant must show at step four that she is unable to perform past relevant work. *Id.* At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering the claimant's age, education, and prior work experience. *Id.*

7. The Plaintiff argues first that the ALJ erred in making his step two finding that the Plaintiff's mental impairment is not severe. Specifically, the Plaintiff contends that the ALJ made his step two finding in contraven-

tion of the law and failed to support it with substantial evidence. In finding that the Plaintiff does not suffer from a severe mental impairment, the ALJ made the following determinations: 1) "the record does not document more than a slight impairment" with regard to how the claimant's emotional disorder impacts upon activities of daily living; 2) "[t]he evidence of record shows slight difficultly [sic] in maintaining social functioning;" 3) "[t]he record also does not reflect any significant abnormalities with the claimant's ability to concentrate and her memory was considered to be intact at the consultative examination;" and 4) "[t]he record does not reflect any episodes of decompensation or deterioration, which caused the claimant to withdraw from that situation or experience any exacerbation of signs or symptoms." Tr. 13–14.

8. A severe impairment is one that interferes with basic work activities. 20 C.F.R. § 404.1521, § 416.921. Those basic work activities include, for example, physical functioning; the ability to hear, see, and speak; the ability to follow simple instructions; use of judgment; appropriate responses to fellow workers, supervisors, and usual work situations; and the ability to deal with changes in routine work. *Id.* An impairment is not severe if it is only a slight abnormality with a minimal effect on the ability to work. Soc. Sec. Ruling 85–28. Medical evidence alone is evaluated at this step. *Id.* If the evidence is unclear as to whether the impairment is severe, the sequential evaluation process is nevertheless continued. *Id.*

9. In this case, Plaintiff stated to Dr. Schneider, a consulting physician, that her mental status would "not really" keep her from being able to work. Tr. 168. However, the Plaintiff continued to explain that "if she is in a job where she is stressed a lot that sometimes she gets crampy abdominal pain and diarrhea that has been diagnosed as irritable bowel syndrome." *Id.* Dr. Schneider also noted that the Plaintiff became "slightly tearful" when discussing "negative depressing things." *Id.* At the administrative hearing, the Plaintiff testified that she cries quite easily even though she is taking a psychotropic drug. Tr. 302–03.

10. Dr. Bogost, a psychologist, found that the Plaintiff "lacks confidence or self-integrity in coping with problems of community living or employment." Tr. 196. Dr. Bogost also found that the Plaintiff experiences problems with interpersonal relationships, social withdrawal tendencies, and difficulty concentrating. *Id.* Furthermore, the Plaintiff needs support from her environment. *Id.* Dr. Bogost explained that the Plaintiff's physical impairments are associated with psychological factors which cause "significant distress or impairment in social, occupational or other important areas of functioning." Tr. 197. Dr. Bogost concluded that the Plaintiff "is currently unable to secure gainful employment subject to reassessment following a time period not exceeding six months and subject to" obtaining psychiatric and psychopharmaceutical treatment, pain tolerance strategies, and "self-assertiveness training in redirecting her energies towards appropriate occupational pursuits in the community." *Id.* In addition, Dr. Bogost concluded that the Plaintiff "[l]acks insight as regards her strengths or limitations or adequate judgment in directing her energies towards productive pursuits." *Id.* Finally, Dr. Bogost opined that Plaintiff's prognosis is only fair. *Id.* I find that the above cited evidence including that taken from Dr. Schneider's report and Plaintiff's testimony constitutes substantial evidence that the Plaintiff's mental impairment is more than a slight abnormality and affects basic work activities. Accordingly, I find that the ALJ's finding that the Plaintiff does not suffer from a severe mental impairment is not supported by substantial evidence.

■ 11. The Commissioner, however, argues that the Plaintiff does not have a severe mental impairment because she testified that she has suffered from depression off and on for about 20 years and has nonetheless worked during much of that time. The Tenth Circuit Court of Appeals has recognized that mentally ill claimants can have symptom free intervals and that "the ALJ should consider 'both the length of time on the job and the reasons for leaving, as well as the likelihood, frequency, and severity of relapses in [appellant's] mental illness.'" *Butler v. United States Dept. of Health & Hu-*

*man Services,* No. 93–6025 at 8, 1993 WL 425851 (10th Cir., Oct.22, 1993) (attached to Plaintiff's Memorandum in Support of Motion to Reverse and Remand for a Rehearing, filed March 20, 1997). The ALJ, in this case, did not make such considerations and so erred in that respect as well. A remand is appropriate so that the ALJ may consider the Plaintiff's mental impairment beyond step two of the sequential evaluation process.

■ 12. The Plaintiff next asserts that the ALJ did not properly analyze whether the Plaintiff's obesity equaled a listed impairment. The Plaintiff correctly points out that the ALJ merely concluded without discussion that Plaintiff's severe obesity does not equal an impairment found in the listings. Such a summary conclusion is contrary to the law. *See Clifton v. Chater,* 79 F.3d 1007, 1009–10 (10th Cir.1996). I, therefore, find that this matter should be remanded so that the ALJ can properly determine whether the Plaintiff's obesity equals a listed impairment.

■ 13. Finally, the Plaintiff contends that the ALJ failed to make a proper credibility determination and support that determination with substantial evidence. In making his credibility finding, the ALJ relied on two facts: 1) the Plaintiff "has been able to work in the past with these impairments;" and 2) the Plaintiff "held herself as able to work by receiving unemployment compensation." Tr. 13. As noted *supra,* a person with a mental impairment is not necessarily impaired all of the time and may be able to work during more normal times. *See Butler v. United States Dept. of Health & Human Services.* Moreover, Plaintiff's most recent attempt to hold down a job was plagued with excessive use of sick leave. Tr. 296–97. The Plaintiff was finally forced to quit her job because of her use of sick leave. Tr. 297. Under those circumstances, I find that the Plaintiff's past work history does not necessarily support a determination that the Plaintiff lacks credibility.

■■ 14. After quitting her last job, the Plaintiff applied for and received unemployment benefits. *Id.* To obtain those benefits, the Plaintiff had to state that she was willing to work and in fact, she applied for some jobs. Tr. 297–97. Receipt of unemployment

benefits, however, does not mean that a claimant is able to work. *See, e.g., Alverio v. Chater,* 902 F.Supp. 909, 928 (N.D.Iowa 1995); *Riley v. Heckler,* 585 F.Supp. 278, 285 (S.D.Ohio 1984). A desire to work likewise does not mean that a claimant can actually work. *See, e.g., Talbot v. Heckler,* 814 F.2d 1456, 1461 (10th Cir.1987); *Morales v. Bowen,* 664 F.Supp. 75, 79 (S.D.N.Y.1987); *Rivera v. Schweiker,* 717 F.2d 719, 725 (2d Cir. 1983). Having considered all of the above, I find that the ALJ's credibility determination is contrary to the law and not supported by substantial evidence. In addition, I note that the Commissioner failed to address the Plaintiff's credibility arguments in his response brief. Such a failure can be construed as a consent to a remand based on this credibility issue.

### Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse and Remand for a Rehearing, and remanding this matter to the Commissioner so that he shall continue the sequential evaluation process with respect to Plaintiff's mental impairment, re-evaluate Plaintiff's obesity under the listings, and reconsider his credibility determination in light of my findings. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).