**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOYLE W. LINDSEY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 97-7135
(D.C. No. 96-CV-248-BU)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Doyle Lindsey appeals the district court's order affirming the Commissioner's denial of his application for supplemental security income (SSI) benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

The administrative law judge (ALJ) denied benefits at step five of the five-step sequential process for determining disability.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process).  The ALJ determined that plaintiff could perform a wide range of light work available in significant numbers in the national and local economies and that he is therefore not disabled within the meaning of the Social Security Act.  The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied.  See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that

of the agency." <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff contends that the ALJ erred in finding (1) at step three that plaintiff does not have a Listed Impairment; (2) at step five that plaintiff retains the capacity to perform light work; (3) that plaintiff does not suffer from a severe mental impairment; and (4) that the ALJ's credibility assessment is unsupported by substantial evidence.

At the time of the hearing before the ALJ, plaintiff was a thirty-nine year old who had completed three years of college and whose past relevant work experience consisted of work as a farm and construction laborer and truck driver. He alleges he has been unable to work since he sustained an on-the-job back injury in October 1990. Plaintiff filed his application for benefits on March 28, 1994.

Following the accident, plaintiff was treated conservatively for back pain, but with limited success. Between September 1991 and July 1992, plaintiff underwent three back surgeries. In September 1991, he had a lumbar laminectomy with disc excision. In January 1992, he underwent a second lumbar laminectomy with disc excision. Having obtained no relief from the first two operations, in July 1992 he had a third lumbar laminectomy with fusion

stabilization using Rogozinski plates and excision of a disc protrusion.          In December 1992 he underwent a hemorrhoidectomy.

In March and April 1993, plaintiff participated in a "work hardening" program intended to increase tolerances for sitting, standing, crouching, and kneeling, to increase his abilities for lifting, carrying, pushing and pulling, and to increase flexibility and weight-bearing capacities.  He met some goals of the program but not others.  His attendance and progress were inconsistent.          Upon discharge in April 1993 the counselor recommended that he be rated at the "light physical demand level and possibly be a candidate for vocational retraining."          II R. 186.  At the hearing, plaintiff testified that the mental aspect of the work hardening program was good, "but as far as physically helping my body, no, but just mentally it taught me to relax, and take my mind off my pain as best I can, and, you know, just try to cope with life with what I have."          Id. at 278.

Plaintiff first argues that the record contains substantial evidence that he suffers from a vertebrogenic disorder sufficient to meet or equal a listed impairment because he has "[o]ther vertebrogenic disorders . . . with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months.  With both 1 and 2:

> 1.  Pain, muscle spasms, and significant limitation of motion in the spine; and

2.  Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss."

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.05(C).

Plaintiff asserts that at step three the ALJ's findings did not reflect specific weighing of the evidence and give reasons for accepting or rejecting evidence. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). [1]

Under 42 U.S.C. § 405(b)(1), the ALJ is "required to discuss the evidence and explain why he found that appellant was not disabled at step three." Clifton, 79 F.3d at 1009. In Clifton, the ALJ did not discuss the evidence or his reasons for determining that appellant was not disabled at step three; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment. We held that "[s]uch a bare conclusion is beyond meaningful judicial review," and concluded that absent "ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." Id.; see also Hasting v. Callahan, No. 96-1221-MLB, 1997 WL 557332, at *1-2 (D. Kan. July 16, 1997); Farish v. Chater, No. 95-1276-

---

[1]  We recognize that the ALJ did not have the benefit of our decision in Clifton, which was filed while this case was on review before the Appeals Council.  However, plaintiff raised the issue before both the magistrate judge and the district court.

MLB, 1997 WL 109689, at *2 (D. Kan. Feb. 21, 1997); Roberts v. Callahan, 971 F. Supp. 498, 501 (D. N.M. 1997).

In the instant case the ALJ's opinion contains more discussion than in Clifton. But it is still inadequate. Only one doctor, John A. Munneke, M.D., stated an opinion that plaintiff was not disabled. The ALJ relied strongly on that opinion. Yet Dr. Munneke's conclusion is inexplicable in light of his immediately prior statement that based on his examination: "it is my opinion that the patient has, as a result of the combination of these multiple injuries, 92% impairment to the body as a whole representing a material increase of 8%. It is my opinion that these injuries are synergistic and there is a need for a material increase over and above the numerical sum of these injuries." II R. 245. The ALJ rejected the opinion of Michael D. Farrar, M.D., that plaintiff is totally disabled because that doctor was retained by plaintiff's attorney and he "included occupational factors more appropriate to a vocational expert." Id. at 15.

The ALJ recites evidence from Casey Truett, M.D.'s report but does not mention that doctor's conclusion that plaintiff is "100 percent permanently and totally disabled." Id. at 214. The ALJ recites evidence from the report of consultive examiner Gerald A. Snider, M.D., but does not mention that doctor's conclusion that plaintiff suffers from "very marked" degenerative lumbar spine disease, post lumbar laminectomy infusion after three spinal surgeries, "chronic

strain of the left shoulder," and controlled depression. Id. at 220. The ALJ rejects the report of Thomas Conklin, Jr., D.O. that plaintiff is permanently and totally disabled, because the doctor's notes are unreadable. Dr. Conklin, however, is the physician who treated plaintiff the most for his pain, and saw him many times over a long period. His records contain many notes but in some kind of shorthand that was perhaps unique to that doctor. An ALJ may not substitute his own medical judgment for that of medical professionals, see Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996), or reject apparently probative medical evidence without explanation. See Teter v. Heckler, 775 F.2d 1104, 1106 (10th Cir. 1985) (error to reject some medical reports as based on inadequate findings when they are comparable to those reports the ALJ found sufficiently detailed).

In addition to summarily dismissing the pre-1995 notes of Dr. Conklin, plaintiff's primary treating physician, as "unreadable," the ALJ made some misstatements of the record. He relied on plaintiff's attendance at school as indicating a capacity to sit for extended periods. See II R. 18. But the record indicates plaintiff's last school attendance was no later than 1989, before the 1990 back injury he claims as the onset of his disability. See id. at 69, 79, 260, 276, 282-84. Also to reject plaintiff's claims of disabling pain he says plaintiff failed to appear at a work hardening program because "he was out all weekend doing yard work." Id. at 18. The record shows only that plaintiff did not show up one

day because he told another patient he hurt too much "due to activities such as mowing the yard over the previous weekend." Id. at 184.

We are not satisfied the ALJ adequately or accurately discussed the evidence and provided the explanation required by 42 U.S.C. § 405(b)(1). Accordingly, we must reverse and remand for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

Because additional proceedings will now ensue at step three, it is unnecessary to reach plaintiff's alleged errors at step five. We note, however, that in evaluating the credibility of pain testimony, in addition to the criteria listed in 20 C.F.R. § 416.929(c)(3) and S.S.R. 96-7p, 1996 WL 374186 (July 2, 1996)), the ALJ should also take into consideration

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991) (quoting Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988)). We are particularly concerned because the ALJ determined that plaintiff's "statements concerning his impairments . . . are not entirely credible in light of [his] own description of his activities and lifestyle, discrepancies between [his] assertions and information

-8-

contained in the documentary reports, [his] demeanor at hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and [his] assertions concerning his ability to work." II R. at 19. Except for his reliance on misstatements of the record, mentioned above, the ALJ recited little to relate what activities or facets of plaintiff's lifestyle he found to be inconsistent with plaintiff's description of pain. See e.g., Winfrey, 92 F.3d at 1019 ("In addition to a lack of substantial evidence, the Secretary's failure to apply the correct legal standards, or to show us that she has done so, are also grounds for reversal.") Although we ordinarily defer to the ALJ on credibility issues, the rule of deference is not absolute. See Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993). "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston, 838 F.2d at 1133.

Moreover, an ALJ "may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain." Thompson, 987 F.2d at 1490 (citing Frey v. Bowen, 816 F.2d 508, 516 (10th Cir. 1987)). As previously noted, the ALJ's finding that plaintiff "began attendance at school, which he maintained for awhile, which indicates a capacity for sitting for extended periods, more than he currently admits," II R. at 18, is unsupported by the record, as is his statement about plaintiff being out "all weekend doing yard work." Id., see Sisco

v. United States Dep't of Health & Human Servs., 10 F.3d 739, 743 (10th Cir. 1993) (ALJ may not build "factual basis by taking Plaintiff's testimony out of context and selectively acknowledging parts of her statements while leaving important segments out").

If, on remand, the ALJ again reaches the step-five determination, he should reevaluate plaintiff's claim of disabling pain in light of the entire record. Accordingly, we REVERSE, and REMAND to the Commissioner for additional proceedings consistent herewith.

Entered for the Court


James K. Logan
Circuit Judge